**James COLEMAN, Petitioner,**

**v.**

**John J. RAFFERTY, etc., et al.,
Respondents.**

**Civ. A. No. 85–4339.**

United States District Court,
D. New Jersey.

Feb. 5, 1986.

CLARKSON S. FISHER, Chief Judge.

This is a motion to amend respondents' answer to a petition for a writ of *habeas corpus*. The court has considered the matter on the papers submitted by the parties pursuant to Fed.R.Civ.P. 78.

Petitioner, James Coleman, incarcerated at Rahway State Prison, seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. On February 2, 1985, the Superior Court of New Jersey, Law Division, Passaic County, entered a judgment of conviction against petitioner on six counts of armed robbery, as defined by N.J.S.A. 2C:12–1(b)(2). Coleman appealed his conviction to the appellate division which affirmed his conviction. On January 23, 1984, the New Jersey Supreme Court denied his petition for certification and dismissed his appeal pursuant to N.J.Ct.R. 2:12–9.

Coleman filed a petition for *habeas corpus* relief on November 5, 1984, alleging six violations of his due-process and equal-protection rights secured by the United States Constitution. An opinion was handed down on April 22, 1985, denying Coleman's petition for a writ of *habeas corpus*. On July 2, 1985, the court issued an amended opinion in this matter superceding in its entirety the original April 22 opinion.

Coleman filed another petition for a writ of *habeas corpus* on September 11, 1985, to which respondents filed an answer based upon the April 22 opinion. Respondents' attorney was new to the case and not aware of the superceding amended opinion until he received a copy of a letter from petitioner to the court stating that respondents had erroneously relied on the April 22 opinion. Respondents filed this motion for leave to amend the answer basing it upon the July 2 opinion and also adding a third affirmative defense.

Rule 11 promulgated under 28 U.S.C. § 2254 states that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules." It has been held that federal *habeas corpus* proceedings are civil and not criminal in nature. They are governed by the Federal Rules of Civil Procedure. Further, the writ of *habeas corpus* is not a proceeding in the original criminal prosecution, but an independent civil suit. *United States ex rel. Gaugler v. Brierley,* 477 F.2d 516, 523 (3d Cir.1973).

Rule 15(a) of the Federal Rules of Civil Procedure states that

> [a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

It is entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of a mere technicality. The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. *Foman v. Davis,* 371 U.S. 178, 181–82, 83 S.Ct. 227, 229–30, 9 L.Ed.2d 222 (1962).

In the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment—the leave sought, as the rules require, should be freely granted. *Foman v. Davis,* 371 U.S. at 182, 83 S.Ct. at 230.

Leave to amend pleadings under rule 15(a) is within the discretion of the trial court, and courts have shown a strong lib-

erality in allowing amendments. *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir.1984). The liberal rules of amendment of complaints are premised on the express concern for the "just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. While it is within the discretion of a trial judge to prevent the abusive use of amendment to delay or prolong litigation, it is quite a different matter for the discretionary denial of amendment to be used to preclude a plaintiff from the federal forum altogether. Particularly where the underlying claim involves the deprivation of fundamental constitutional rights, discretionary procedural measures should be cautiously employed when denying a litigant his day in court. *Boileau v. Bethlehem Steel Corp.*, 730 F.2d at 939.

In this case, respondents' attorney states that he inadvertently overlooked the July 2 opinion. When it was brought to his attention by petitioner's letter of October 30, 1985, however, he filed a motion for leave to amend the answer to correct the mistake. It appears that to amend the answer would not cause any of the mischief mentioned above in *Foman* and, thus, there would be no miscarriage of justice.

For the foregoing reasons, respondents' motion for leave to amend the answer is granted. No costs.