# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-3473

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| vs. | * | Appeal from the United |
| | * | States District Court |
| Michael Lloyd Craycraft, | * | for the Southern District |
| | * | of Iowa. |
| | * | |
| Appellant. | * | |
| | * | |

_____

Submitted: December 15, 1998

Filed: February 3, 1999

_____

Before BEAM and LOKEN, Circuit Judges, and BOGUE,[1] District Judge.

_____

BOGUE, Senior District Judge.

_____

[1]The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

Michael Lloyd Craycraft, who pleaded guilty to conspiring to distribute methamphetamine, appeals from the dismissal of his motion to vacate, set aside, or correct his sentence and from the rejection of various ineffective assistance of counsel arguments. We affirm.

## I.

### *Background*

On August 31, 1993, Craycraft, pursuant to a plea agreement, pleaded guilty to conspiring to distribute methamphetamine. 21 U.S.C. § 846. He faced a mandatory term of 10 years imprisonment, but the plea agreement spoke to the possibility of a sentence reduction if Craycraft substantially assisted the Government in its prosecution of other defendants. See 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1 . The Government, however, failed to file a motion for a reduction in Craycraft's sentence for substantial assistance. Instead, the Government gave notice of its intent to seek an enhancement of Craycraft's sentence because of a prior state court felony drug conviction. See 21 U.S.C. § 851(a)(1). When the United States District Court for the Southern District of Iowa[2] passed sentence, Craycraft received the minimum term of 20 years confinement as a result of this prior conviction. See 21 U.S.C. § 841(b).

Although Craycraft claims that he instructed his attorney to file an appeal, no notice of appeal was filed by his counsel. On November 26, 1993, Craycraft filed a handwritten pro se notice of appeal, which was dismissed by this Court as not timely filed. Precisely one year after his sentencing, Craycraft's trial counsel moved to reduce Craycraft's sentence for substantial assistance. The motion was resisted by the Government and after a telephone hearing, the requested relief was denied, the District

---

[2]The Honorable Charles L. Wolle, Chief Judge.

Court noting the absence of evidence of an unconstitutional motive or bad faith on the Government's part.

Several years passed, then, on April 18, 1997, Craycraft filed a pro se petition for relief under 28 U.S.C. § 2255, accompanied by supporting exhibits. Shortly thereafter, all the while acting pro se, he made two amendments to his claim. The District Court directed the Government to respond and briefs were filed. After a telephone hearing conference, the Court denied relief and later denied Craycraft's motion for reconsideration as well. Craycraft then proceeded to file a pro se notice of appeal which this Court treated as an application for appealability, granted it, and appointed counsel to represent Craycraft on appeal.

Craycraft raises several issues before this Court. For purposes of clarity, they can be grouped broadly into two categories, the first dealing with the lawfulness of his sentence enhancement, and the second dealing with the adequacy of his representation by counsel at various stages in the proceedings. A third issue raised by Craycraft cannot be adjudicated by this Court, and so we decline to address its merits as explained below.

## II.

*Discussion*

## A.

*Prior Conviction Enhancement*

Craycraft first raises an issue of statutory construction which was resolved by this Court in United States v. Trevino-Rodriguez, 994 F.2d 533 (8th Cir. 1993). Section 851 details the proceedings to establish that a defendant has been previously convicted

of a crime when that conviction is used to enhance a federal sentence. 21 U.S.C. § 851. The statute requires that prior to the entry of a plea, the government file an information with the court which identifies the previous conviction or convictions to be relied upon. 21 U.S.C. § 851(a)(1). In the next subsection, the statute states that no such information may be filed when the proposed enhancement exceeds three years "unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed." 21 U.S.C. § 851(a)(2).

Craycraft's prior state conviction was tried by information. He claims that because his enhancement exceeded three years, section 851(a)(2) precluded the District Court from relying on his prior conviction since it was not prosecuted by an indictment by a grand jury, and Craycraft did not waive an indictment. He acknowledges, as he must, that this Court has held that the "offense for which such increased punishment may be imposed" is the instant federal offense being prosecuted rather than the prior conviction used for enhancement purposes. Trevino-Rodriquez, 994 F.2d at 536, citing United States v. Espinosa, 827 F.2d 604, 617 (9th Cir. 1987), cert. denied, 485 U.S. 968 (1988); United States v. Adams, 914 F.2d 1404, 1407 (10th Cir. 1990), cert. denied, 498 U.S. 1015 (1990); United States v. Burrell, 963 F.2d 976, 992 (7th Cir. 1992), cert. denied, 506 U.S. 928 (1992); accord, United States v. Harden, 37 F.3d 595, 600 (11th Cir. 1994). In fact, at oral arguments, Craycraft conceded the issue in light of the Second Circuit's recent reversal of Collado, the only case going against this weight of authority. United States v. Collado, 106 F.3d 1097, 1103 (2nd Cir. 1997), overruled by United States v. Ortiz, 143 F.3d 718, 731 (2nd Cir. 1998). Thus, because the instant offense was prosecuted by indictment, the District Court's enhancement of Craycraft's sentence was proper.

B.

*Ineffective Assistance of Counsel*

4

In his section 2255 motion before the District Court, Craycraft raised shortcomings of his trial counsel which, he argued, amounted to ineffective assistance of counsel in violation of the Sixth Amendment. The District Court denied his motion, and we review this determination de novo. See United States v. Deaton, 13 F.3d 270, 271 (8th Cir. 1993). The District Court will be affirmed if the record conclusively shows that Craycraft is not entitled to relief. Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir. 1992).

The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. When a convicted criminal defendant makes an ineffective assistance of counsel claim, he or she is ordinarily required to make a two-part showing of both deficiency and prejudice. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). First, the defendant must show that counsel's performance was deficient; that errors were committed which were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687, 104 S.Ct. at 2064. To satisfy this requirement, the defendant must demonstrate that counsel's performance "fell below an objective standard of reasonableness." Id. at 688, 104 S.Ct. at 2064. Second, the defendant must establish actual prejudice resulting from the deficient performance. That is, the defendant must demonstrate "a reasonable probability that, but for counsel's errors," the result would have been different. Id. at 694, 104 S.Ct. at 2068. Strickland instructs that in the absence of showings of both ineffective performance and resulting prejudice, the District Court's dismissal of his claims must be affirmed.

(i)

*Sixth Amendment Right to Counsel in § 2255 Motion*

5

Craycraft asserts, for the first time on appeal, that he was deprived of effective representation when the District Court required him to proceed without counsel in his § 2255 motion. Even if Craycraft's claim had been raised at the trial court level, there is no general right to counsel in post-conviction habeas proceedings for criminal defendants. See Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994), cert. denied, 513 U.S. 1003, 115 S.Ct. 518, 130 L.Ed.2d 423 (1994), citing McClesky v. Zant, 499 U.S. 467, 494, 111 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1991). Therefore, we find this argument to be without merit.

(ii)

*Ineffective Assistance of Trial Counsel*

Craycraft's first asserted ground for relief raised before and dismissed by the District Court concerning his trial counsel's alleged shortcomings relates to his counsel's failure to challenge the isomeric structure of the methamphetamine involved in this case. See U.S.S.G. § 2D1.1. Craycraft alleges that his attorney's failure to object to the classification of the drug constituted ineffective assistance of counsel. In order to prevail under Strickland, Craycraft must establish both defective performance and prejudice, yet he merely speculates about the true isomeric structure of the drugs. Without some evidence that the drugs involved actually were l-methamphetamine, he cannot successfully characterize the failure to object to the composition of the drugs as either ineffectual or prejudicial. Moreover, any distinction between l-methamphetamine and d-methamphetamine was irrelevant under a statute imposing a mandatory twenty year mandatory minimum.

Next, Craycraft contends that his trial counsel was ineffective in not pursuing a downward departure for substantial assistance. A motion for downward departure may be made by the government, but not by the defendant. Courts are without statutory authority to grant downward departures for substantial assistance absent a government

motion. United States v. Kelly, 18 F.3d 612, 617 (8th Cir. 1994). Only limited exceptions to this general rule apply, such as where "a defendant shows that the government's refusal to make the motion was based on an unconstitutional motive, that the refusal was irrational, or that the motion was withheld in bad faith." Id. at 617-18; United States v. Romsey, 975 F.2d 556, 557-58 (8th Cir. 1992).

Craycraft points to the fact that the Government originally contended that he had done nothing but debrief, but that his pro se petition demonstrates that he actually testified as a government witness in at least one case. This inconsistency establishes a bad motive which his trial counsel ought to have investigated, he concludes. We disagree. There is no error in the District Court's finding that Craycraft failed to establish the ineffectiveness of his trial counsel when inconclusive evidence merely suggests a line of attack that might have been pursued. Craycraft's proffer of such a slender reed of evidence is insufficient to rebut the strong presumption of his counsel's competence. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.

The third deficiency which Craycraft alleges is that his request to his trial counsel to file an appeal of his sentence went unheeded, and the time for appeal elapsed without his counsel acting upon his wishes. Before the District Court, Craycraft asserted that this refusal amounted to ineffective assistance of counsel. The Government made the argument that Craycraft's failure to appeal claim was time barred, relying upon the newly enacted one year period of limitation in § 2255. The District Court, however, disposed of Craycraft's claim on the merits. Before this Appellate Court, the Government renews its untimeliness argument. The Government also highlights the lack of any factual support for Craycraft's contention that he actually instructed his counsel to file an appeal. However, we must first inquire into the Government's contention that regardless of the potential merits of Craycraft's claim, the District Court's dismissal must be affirmed because of a fatal jurisdictional defect in the timeliness of Craycraft's claim.

Craycraft filed his pro se § 2255 petition for relief on April 18, 1997, asserting ineffective assistance of counsel: for failing to pursue a downward departure for substantial assistance; for failing to object to the characterization of methamphetamine; and raising challenges to his prior state conviction.[3] On April 24 and again on May 30, Craycraft amended his petition, adding the claim that his counsel failed to file an appeal as instructed. It is this second amendment which the Government asserts is time-barred.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended § 2255 to add a one year period of limitation, effective April 24, 1996. Pub.L. No. 104-132, 110 Stat. 1220 (codified at 28 U.S.C. § 2255) ; see also Gozlon-Peretz v. United States, 498 U.S. 395, 404, 111 S.Ct. 840, 846, 112 L.Ed.2d 919 (1991) (stating that statutes ordinarily become effective the moment they are signed into law). Section 2255 motions must now be filed within one year of the date the conviction becomes final, except in circumstances not applicable to this case. Craycraft filed his original § 2255 motion over three years after the date his conviction became final. Nonetheless, we find that his original petition was timely filed, though the amendments to that petition were not.

Were the one year period of limitations contained in § 2255 to be mechanically applied, it would bar Craycraft's claim in toto. However, a presumption against retroactive legislation applies whenever a claim depends on a statute which was enacted after the events which gave rise to the claim. Landgraf v. USI Film Products, 511 U.S. 244, 280, 114 S.Ct. 1483, 1504, 128 L.Ed.2d 299 (1994). We join the majority of circuits in holding that § 2255's one-year time limit did not begin to run

---

[3]Craycraft stated on page two of his original § 2255 motion that "Counsel for Petitioner failed to file an appeal [Petitioner had requested counsel to file an appeal, but counsel failed to do so]." However, he merely mentioned the assertion in passing, and did not raise it as an independent ground for relief.

prior to April 24, 1996.[4]  Thus, Craycraft's original § 2255 petition was timely.  His amendments thereto were not.

Although the District Court did not explicitly apply any relation back doctrine, it did pass over the Government's argument that the amendments were time-barred and reached the merits of Craycraft's claim.   If we were to remand, however, it is clear that the merits of his claim would be time-barred unless a relation back analysis is satisfied.[5]  There is no reason for this Court to remand an incorrectly decided claim if the District Court lacked the jurisdiction to reach its decision in the first place.

------

[4]In considering the effect of the time limit of § 2255 to claims which arose prior to the enactment of the time limit itself, the Fifth Circuit has ruled as a matter of statutory construction that Congress intended to allow a "reasonable time" of one year beyond the enactment date of the AEDPA in which to file petitions.  United States v. Flores, 135 F.3d 1000, 1004-06 (5th Cir. 1998).  The Tenth Circuit reached the same result on grounds of fairness.  United States v. Simmonds, 111 F.3d 737, 745-46 (10th Cir. 1997).  The Ninth Circuit, interpreting a similar one year time limit in § 2244, has concluded that the statutory clock does not begin to run until the statute's date of enactment.  Calderon v. U.S. Dist. Court for Central Dist. of Calif., 112 F.3d 386, 389 (9th Cir. 1997); accord, Lindh v. Murphy, 96 F.3d 856, 866 (7th Cir. 1996) (en banc), rev'd on other grounds, 521 U.S. 2059, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); Reyes v. Keane, 90 F.3d 676, 679 (2nd Cir. 1996); but see Peterson v. Demskie, 107 F.3d 92, 93 (2nd Cir. 1997) (stating in dicta that a prisoner who has had several years to contemplate bringing a habeas petition need not be accorded a full year after the effective date of the AEDPA).

[5]In Calderon, the Ninth Circuit determined that the one-year time limit of § 2244 was subject to equitable tolling in extraordinary circumstances.  Calderon, 112 F.3d at 391.  We do not pursue this line of reasoning because from our review of the record, no "extraordinary circumstances" were present which would justify tolling.

The Federal Rules of Civil Procedure provide for the relation back of amendments filed after the running of a period of limitations in certain circumstances.[6] An amendment to a pleading shall "relate back" to the date of the original pleading only if the claim asserted in the original pleading and the claim asserted in the amended pleading arose out of the same conduct, transaction, or occurrence. Fed. R. Civ. P. 15(c)(2).[7] If the ineffective conduct alleged by Craycraft in his first petition cannot be said to have arisen out of the same set of facts as his amended claim, his amendment cannot relate back and his claim must be time-barred since it was filed after the statutory period of limitation.

"The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." In re Bellanca Aircraft Corp., 850 F.2d 1275, 1283 (8th Cir. 1988), quoting Baldwin County Welcome Center v. Brown, 466 U.S. 147, 150 n.3, 104 S.Ct. 1723, 1725 n.3, 80 L.Ed.2d 196 (1984). Craycraft's original complaint alleged deficiencies of representation distinctly separate from the deficiency alleged in his amendments. Failing to file an appeal is a separate occurrence in both time and type from a failure to pursue a downward departure or failure to object to the type of drugs at issue. We cannot say that his original petition would provide notice of such a different sort of theory. Therefore, the amendment cannot relate back under Rule 15(c) and it must be time barred. It follows that the District Court lacked

---

[6]Because habeas proceedings are civil in nature, the Federal Rules of Civil Procedure apply. 28 U.S.C. § 2242; see, e.g., Coleman v. Rafferty, 627 F.Supp. 735, 736 (D.N.J. 1986) (applying Rule 15 of the Federal Rules of Civil Procedure to a habeas petition). Rule 15 allows amendments to pleadings, and leave to amend is within the discretion of the trial court. Fed. R. Civ. P. 15(a); Beeck v. Aquaslide 'N' Dive Corp., 562 F.2d 537, 540 (8th Cir. 1977).

[7]Rule 15 provides for two other scenarios when "relation back" can work to save an otherwise time-barred amendment, but neither is relevant here.

jurisdiction under the statute to hear this claim, and so we must affirm the court's dismissal of this claim, though on different grounds.

## C.

### *§ 2254 Claims*

In his original petition, Craycraft alleged a number of claims of ineffective assistance of counsel leading up to the prior state court conviction which was used to enhance his sentence in the federal proceeding. The District Court dismissed those claims without prejudice. Craycraft now asks this Court to remand those claims for appointment of counsel in order to pursue a collateral attack and develop a showing of prejudice, but Craycraft has named the wrong defendant. The United States is the only named defendant in this matter, and § 2254 relief must be obtained from the state in which the defendant was convicted. Thus, Craycraft's § 2254 claims are not properly before this Court. For this reason, we decline to reach the merits of Craycraft's § 2254 claim. The District Court's dismissal was proper.

## III.

### *Conclusion*

In conclusion, we affirm the District Court's decision. We find that Craycraft's sentence enhancement for a prior conviction was correct under Trevino-Rodriguez, 994 F.2d 533. We also affirm the District Court's dismissal of Craycraft's ineffective assistance of counsel claims. First, Craycraft did not suffer a Sixth Amendment violation when he was required to proceed without counsel in his § 2255 motion. Next, because Craycraft failed under Strickland to establish ineffectiveness and prejudice in his trial counsel's failing to object to the type of drugs with which he was charged and declining to pursue a downward departure for substantial assistance, the District Court must be affirmed on these claims as well. As to Craycraft's assertion that he was

11

deprived of effective representation when his trial counsel failed to appeal his sentence after having been directed to do so, we conclude that the District Court was without jurisdiction to hear this claim, and so we affirm the dismissal of this claim as well, though on different grounds.  Finally, the dismissal of Craycraft's § 2254 motion was entirely correct; Craycraft failed to name the appropriate defendant in that motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.