**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-6440

ENRIQUE ALFONSO GAYLE,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                                     No. 99-6441

ROBERTO SPALDING, a/k/a Pepito,
a/k/a Pops,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
J. Calvitt Clarke, Jr., Senior District Judge.
(CR-90-105, CA-97-417, CA-97-418-2)

Submitted: September 30, 1999

Decided: October 21, 1999

Before WILKINS and HAMILTON, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Enrique Alfonso Gayle, Roberto Spalding, Appellants Pro Se. Laura Marie Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Enrique Gayle and Roberto Spalding appeal the district court's denials of their 28 U.S.C.A. § 2255 (West Supp. 1999) motions and their motions to supplement the same. We deny certificates of appealability and dismiss.

Appellants contend that the district court erred in denying their motions to supplement, asserting that under Fed. R. Civ. P. 15(a), they are entitled to amend their pleadings once as a matter of right. Initially, we note that Rule 12 of the Rules Governing Section 2255 Motions states:

> If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules, or any applicable statute, and <u>may</u> apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate, to motions filed under these rules.

(emphasis added).

Rule 15(a) of the Federal Rules of Civil Procedure, which Appellants contend should apply, states that "a party may amend the party's pleading once as a matter of course at any time before a responsive

2

pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar." Fed. R. Civ. P.15(c), however, specifies that an amendment of a pleading relates back to the date of the original where "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2).* Accordingly, to the extent that Appellants' supplemental motions sought to raise new claims, we conclude that the district court did not abuse its discretion under Rule 12 of the Rules Governing Section 2255 Motions in denying Appellants' motions to supplement. See United States v. Craycraft, 167 F.3d 451, 456-57 (8th Cir. 1999) (finding that new claims did not arise out of same conduct, transaction, or occurrence and thus the claims could not relate back).

To the extent that Appellants' motions sought only to clarify the claims raised in their initial motions, we express no opinion on the district court's denial of the motions to supplement because even if the court had granted the motions, the claims would have been properly denied. As the district court and Government noted, one of Gayle's claims was not raised on direct appeal and there was no showing of the cause and prejudice necessary to allow review. Another claim raised by both Appellants, involving a retroactive amendment to the Sentencing Guidelines, is barred by the law of the case doctrine as it was the subject of a separate motion which was denied by the district court and affirmed on appeal. Yet another claim, that the district court failed to make factual findings regarding the amount of drugs properly attributable to each Appellant was litigated on direct appeal and resolved against Appellants. Accordingly, it may not be relitigated in a collateral proceeding absent an intervening change in the law warranting reconsideration which Appellants do not demonstrate. See Davis v. United States, 417 U.S. 333, 342 (1974). Finally, although both Appellants claimed that they received ineffective assistance of counsel when their attorney did not argue against a four-point enhancement based on a leadership role in the conspiracy, they have not demonstrated prejudice in regard to this claim. See Strickland v. Washington, 466 U.S. 668 (1984).

_____

*Although Rule 15(c) specifies two other times at which an amendment will relate back, they are not applicable to Appellants' cases.

Accordingly, we agree with the district court's denial of Appellants' § 2255 motions. We therefore deny certificates of appealability and dismiss the appeals. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

4