**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 8 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ANTHONY CARLOS TORRES,

      Defendant-Appellant.

No. 01-1178
(D.C. Nos. 92-CR-335, 97-N-881)
(D. Colo.)

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

EDWARD GRAVES,

      Defendant-Appellant.

No. 01-1187
(D.C. Nos. 97-N-881, 92-CR-335)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material

Appellant Anthony Carlos Torres, a federal inmate appearing pro se, seeks a Certificate of Appealability (COA) to appeal the district court's order dismissing his 28 U.S.C. § 2255 motion. See 28 U.S.C. § 2253(c)(1)(B). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). Because Mr. Torres has not "made a substantial showing of the denial of a constitutional right," we deny his request for a COA and dismiss his appeal. 28 U.S.C. § 2253(c)(2).

Mr. Torres was charged with one count of conspiracy to distribute more than fifty grams of crack cocaine, one count of distribution of more than five grams of crack cocaine, and nine counts of laundering proceeds of the crack cocaine sales. Mr. Torres had entered into a plea agreement with the government under which he would serve 121 months. In a brief hearing, the trial judge refused to accept the agreement because the attorneys had violated the judge's local rule requiring submission of such agreements ten days before trial and that, in any event, he was not accepting any Fed. R. Crim. P. 11(e)(1)(C) plea

assistance in the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The causes are therefore ordered submitted without oral argument.

[1]Although appellants filed separate § 2255 motions, their arguments on appeal raise, in part, substantially related issues. As the appellants were co-defendants, resolution of those issues relies on identical facts and a common record; accordingly, we have companioned these appeals for disposition. See Fed. R. App. P. 3(b).

agreements.  See United States v. Robertson, 45 F.3d 1423, 1433–34 (10th Cir. 1995) (providing background and details of the case).  Upon entering a subsequent unconditional plea of guilty to the charges in the indictment, the district court sentenced Mr. Torres to 280 months which sentence was affirmed by this Court on direct appeal.  See id. at 1450.

Mr. Torres filed a § 2255 motion in the district court, advancing six grounds for relief.  The district court, however, found that petitioner had conceded three of those grounds in his reply to the Government's response.  Doc. 114 at 5 (Order Denying § 2255 Motion).  The district court framed the three remaining issues as follows: (1) Was the conspiracy properly charged? (2) Was trial counsel ineffective for her advice that a career offender enhancement under the sentencing guidelines would not apply? and (3) Was trial counsel ineffective for failing to timely file a plea agreement more favorable to Mr. Torres than the agreement into which he ultimately entered?

The district court properly rejected the defective indictment argument on the ground that Mr. Torres had waived such arguments by entering an unconditional plea of guilty.  See United States v. Davis, 900 F.2d 1524, 1525–26 (10th Cir. 1990) (unconditional guilty plea waives all non-jurisdictional defenses).  As to Mr. Torres's second contention, the district court assumed for argument's sake that defense counsel did indeed inform Mr. Torres that no career offender enhancement would apply.  Once the court received the presentence

report from the probation department it was revealed that the enhancement did apply, thus establishing that defense counsel's assumed advice was incorrect. The district court noted, however, that the plea agreement specifically stated that "[t]he criminal history category is more completely and accurately determined by the Probation Department," and that the court had informed Mr. Torres of the uncertain nature of his plea agreement. Doc. 114 at 6. Further, the district court found that counsel's conduct fell within the requisite range of reasonableness because, "in light of the practice in this district," defense counsels' sentence estimates often deviate from the ultimate determinations by the Probation Department. Id. at 7. As such, the court found that there was no way the assumed erroneous advice could have misled or prejudiced Mr. Torres. Finally, the district court rejected Mr. Torres's third argument because the trial court had rejected all Rule 11(e)(1)(C) plea agreements anyway, thus, any untimely filing of the plea agreement could not have resulted in prejudice under the standards set forth in Strickland v. Washington, 466 U.S. 688, 691–92 (1984).

Before this court, Mr. Torres raises a number of arguments—some old, some new. To begin, he again raises a claim that the indictment was defective because it failed to include the "time frame" of the conspiracy as one of the elements of the conspiracy charge. He attempts to avoid the waiver effect of his unconditional guilty plea by couching his claim within arguments asserting a lack of a knowing and voluntary plea of guilty. See Boykin v. Alabama, 395 U.S. 238,

242 (1969). Mr. Torres also uses his defective indictment claim to buttress his contention that he received ineffective assistance of counsel, asserting that counsel should have been aware of the defective indictment, and, therefore, unreasonably advised him to plead guilty.

Mr. Torres's ineffective assistance of counsel claim relies upon the following remaining alleged failures on the part of defense counsel: (1) failing to object to the trial court's failure to comply with Fed. R. Crim. P. 32 at the sentencing hearing; and (2) the government's breach of the first plea agreement. This is the first time Mr. Torres has raised either of these arguments, and we decline to consider them for the first time on appeal. See Roberts v. Roadway Express, Inc., 149 F.3d 1098, 1104 (10th Cir. 1998). As a result, Mr. Torres's claim of ineffective assistance of counsel is rejected.

Mr. Torres peppers his brief throughout with arguments that the career offender enhancement resulted in a sentence that unconstitutionally exceeded the statutory maximum and therefore contradicted either Apprendi v. New Jersey, 530 U.S. 466 (2000), or United States v. LaBonte, 520 U.S. 751 (1997). See Aplt. Br. at 4–5, 10, 12–13. First, as the district court found, Mr. Torres first raised his Apprendi argument in a proposed amendment filed more than a year after filing his original petition. Because the Apprendi claim was factually and legally unrelated to the claims in the original petition, the amendment could not relate back to the original filing date under Fed. R. Civ. P. 15 (c) and was therefore

untimely. See United States v. Espinoza-Saenz, 235 F.3d 501, 503–05 (10th Cir. 2000). Petitioner's argument that his sentence is inconsistent and irrational because the statutory enhancements were outside the offense statutory maximum, and therefore violates LaBonte, is without merit. LaBonte held specifically that the term "maximum term authorized" includes statutory enhancements (such as the career offender enhancement). 520 U.S. at 757–58.

Finally, Mr. Torres's contention that the district court clearly erred in refusing to reduce his sentence is raised here for the first time. As such, we decline to consider that argument. See Roberts, 149 F.3d at 1104.

Having reviewed Mr. Torres's request for a COA, his appellate brief, the district court's order, and the appellate record, we conclude that he has failed to make the required showing for a COA.

Accordingly, we DENY Mr. Torres's motion for a COA and DISMISS his appeal.

### Appeal No. 01-1187

In this related appeal, Mr. Graves, also a federal inmate appearing pro se, seeks a COA and in addition seeks a motion allowing him to proceed on appeal in forma pauperis ("IFP"). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). Because Mr. Graves has not "made a substantial showing of the denial of a constitutional right," we deny his request for a COA and dismiss his appeal.

- 6 -

<u>Id.</u> § 2253(c)(2).

In a jury trial, Mr. Graves was convicted of conspiracy to distribute crack cocaine and sentenced to a prison term of 360 months. In his § 2255 petition filed in the district court, Mr. Graves asserted ineffective assistance of counsel alleging that his trial attorney provided ineffective assistance because he failed to convey a plea offer from the Government and allowed an unspecified plea deadline to lapse. The district court found Mr. Graves's description of the supposed plea offer to be vague and unspecific and therefore concluded that Mr. Graves could not overcome the presumption that counsel made sound strategic decisions and that counsel's conduct fell within the wide range of reasonable, professional assistance. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 689 (1984). Turning to whether counsel's conduct would have changed the outcome and thereby establish prejudice, <u>id.</u> at 691, the district court noted that it was unlikely the court would have accepted the supposed plea agreement. As discussed in relation to Mr. Torres, No. 01-1178, <u>supra</u>, prior to trial the district court had stated that it was not accepting any Fed. R. Crim. P. 11(e)(1)(C) plea agreements. We agree with the district court that Mr. Graves's claims failed to establish either a lack of reasonable assistance of counsel or prejudice.

Mr. Graves also attempted to amend his original petition by adding a contention that he received a sentence in excess of the statutory maximum which violated the principle stated in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). He

also asserted in his motion to amend that trial counsel's failure to anticipate Apprendi constituted an additional ground for finding that counsel was ineffective. The district court rejected this amended Apprendi argument on the ground that it was untimely and failed to relate back to the date on which he filed his original petition. Mr. Graves filed his original petition on April 29, 1997, but his signature on the petition was dated April 22, 1997. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended § 2255 by adding a one-year statute of limitations on motions under such statute. The effective date of the AEDPA was April 24, 1996. The district court, as well as the government in its response, assumed that the initial petition was timely filed. Mr. Graves filed his motion to amend on July 19, 2000 and contended that under Fed. R. Civ. P. 15(c), his amendment related back to the date of the filing of his original petition. He asserted that his Apprendi claim should relate back because he had included it as an additional ground for a finding of ineffective assistance of counsel, which was included in his original petition.

The Federal Rules of Civil Procedure apply to amendments of and supplements to applications for a writ of habeas corpus. 28 U.S.C. § 2242. An amendment to a pleading shall "relate back" to the date of the original pleading only if the claim asserted in the original pleading and the claim asserted in the amended pleading arose out of the same conduct, transaction, or occurrence. Fed. R. Civ. P. 15(c)(2). Further, we have held that an amendment to a § 2255 motion

- 8 -

"which, by way of additional facts, clarifies or amplifies a claim or theory in the [original motion] may . . . relate back . . . if and only if the . . . proposed amendment does not seek to add a new claim or to *insert a new theory into the case*." United States v. Espinoza-Saenz, 235 F.3d 501, 504–05 (10th Cir. 2000) (internal quotation omitted) (emphasis added). The district court concluded that the Apprendi claim was separate in time and type from the allegedly deficient conduct in the original petition. We agree that the claim in the amended petition presents a new theory and therefore cannot relate back to the original petition. See United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999) (concluding that counsel's failure to file an appeal is a separate occurrence in both time and type from a failure to pursue a downward departure or failure to object to the type of drugs at issue and could not relate back to original claim of ineffective assistance of counsel).

Having reviewed the petitioner's request for a COA, his appellate brief, the district court's order, and the appellate record, we conclude that he has failed to demonstrate that the issues he raises are debatable among jurists, that a court could resolve the issue differently, or that the questions presented deserve further proceedings. See Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). As such, Mr. Graves has failed to make the "substantial showing of the denial of a constitutional right" required for a COA. 28 U.S.C. § 2253(c)(2).

Accordingly, we DENY Mr. Graves's request for a COA and IFP status and DISMISS his appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge