Cornelius A. LAWTON, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 99–CV–5027.
No. 98–CR–206–1.

United States District Court,
E.D. Pennsylvania.

Jan. 14, 2002.

Joseph C. Sontaguida, Philadelphia, PA, Jeannie Domergean, Philadelphia, PA, for plaintiff.

Joel Goldstein, AUSA, Philadelphia, PA, Mitchell E. Zamoff, Hogan & Hartson, L.L.P., Washington, DC, for defendant.

## *MEMORANDUM*

ANITA B. BRODY, District Judge.

Cornelius A. Lawton ("Lawton") brings this motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. I will hold an evidentiary hearing solely regarding the ineffective assistance of counsel claim based on a failure to appeal. For the following reasons, I will deny the remainder of the claims advanced in Lawton's motion.

## I. Background

On April 21, 1998, Lawton was indicted by a federal grand jury on charges of conspiracy to commit bank fraud in violation of 18 U.S.C. § 371, bank fraud in violation of 18 U.S.C. § 1344, and criminal forfeiture pursuant to 18 U.S.C. § 982. On November 2, 1998, Lawton appeared before me and plead guilty on all counts of the indictment. On February 25, 1999, Lawton was sentenced to twenty months imprisonment, five years supervised release, restitution in the amount of $84,794.19, and a $450.00 special assessment. Within one year of his sentencing, on October 12, 1999, Lawton filed this motion pursuant to 28 U.S.C. § 2255. On March 22, 2000, I appointed counsel to represent Lawton and on September 15, 2000, granted the petitioner leave to amend his motion for relief under 28 U.S.C. § 2255. Lawton's amended motion was filed on January 8, 2001, which was after the one year statute of limitations had expired. Before me now is that amended motion.[1]

## II. Standard

Section 2255 allows federal courts to vacate, set aside or correct a sentence of a prisoner:

> in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

---

**1.** Neither the government nor my chambers received a copy of the amended motion until August. After being served, the United States filed its response on August 28, 2001.

without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack … 28 U.S.C. § 2255 (2000). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on motions brought pursuant to § 2255, measured from the date on which the judgment of conviction became final.[2]

In permitting amendment to a petition filed pursuant to that section, the court must exercise caution to see that the petition, as amended, complies with the statute of limitations. The Federal Rules of Civil Procedure articulate a liberal amendment policy, giving parties the right to amend a complaint once before a responsive pleading has been filed. Though a party must seek the court's permission to amend after a response has been filed, the rule indicates that "leave shall be freely given when justice so requires." *Fed.R.Civ.P. 15(a)*. The Federal Rules of Civil Procedure apply to actions for habeas corpus to the extent that procedures have not been prescribed elsewhere. *See Fed.R.Civ.P. 81(a)(2)*.

The strict limitations period contained in AEDPA conflicts with the liberal amendment policy contained in Federal Rule of Civil Procedure 15. *See United States v. Thomas*, 221 F.3d 430, 434 (3d Cir.2000). Because freely allowing amendment of a § 2255 motion potentially conflicts with the one year limit, amendment of the motion is permitted only to the extent that the changes "clarify" claims previously made within the limitations period. The court will not recognize amendments that add completely new allegations or counts to the petition outside of the one year statute of limitations. *Id.* at 435; *United States v. Duffus*, 174 F.3d 333, 337 (3d Cir.1999). In determining whether a claim clarifies an existing ground or adds a new one, a court should look at whether the allegations contained in the original petition "have arisen out of the same set of facts as his amended claim." *Duffus*, 174 F.3d at 337. If they do not, then the new claims cannot be deemed to relate back to the original motion and therefore fall outside of the statute of limitations.[3]

### III. Discussion

Lawton, in his original motion, contends that (1) there was no factual basis for his guilty plea; (2) that the indictment failed to allege the elements of bank fraud; (3) that the performance of his counsel, Joseph Santaguida, Esq., was unconstitutionally deficient for failing to contest the monetary amount of the loss attributed to him; and (4) counsel was ineffective for failing to file an appeal as instructed. I will consider Lawton's original claims and those in the amended petition that clarify them. Any new claims will not be considered.

---

**2.** The law states, "A 1–year period of limitations shall apply to a motion under this section. The limitation period shall run from … (1) the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255 (2000).

**3.** Fed.R.Civ.P. 15(c)(2) permits claims to relate back to the date of the original pleading where "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." While the Court of Appeals for the Third Circuit has not ruled definitively on the applicability of this standard to habeas proceedings, they have, in dicta, recognized its use by other circuits and seem to approve. *See United States v. Thomas*, 221 F.3d 430, 436 n. 3 (3d Cir.2000) *citing United States v. Pittman*, 209 F.3d 314, 317 (4th Cir.2000); *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir.1999).

### A. Lack of factual basis for Lawton's guilty plea

#### 1. *The amended petition clarifies the original claim*

■ In his motion, Lawton proposes to alter the first ground on which he seeks habeas relief. The original petition states "District Court violated Rule 11(c)(f)(e). Petitioner pled guilty without the understanding of the nature of the charges against him. The court failed to conduct an adequate factual basis on petitioner's understanding of the charges required before accepting the plea."[4] Original Mot. for Habeas Corpus, 5. The proposed amendment describes the ground as "The Information Provided by the Government at the Change of Plea Hearing Was Not Sufficient to Satisfy the Requirements of Rule 11(c)(e)(F)," and elaborates on that initial statement by including three subsections.[5] Am. Mot. for Habeas Corpus, 1. First, Lawton states that the government failed to advise the court of the specific intent requirement. Second, he argues that the government failed to state what available evidence proved this specific intent requirement, and finally, that the government failed to address what risk or actual loss the alleged victim bank had suffered.

The amended petition does not state a new claim.[6] In his amended petition, Lawton clarifies his original contention that there was no factual basis for his plea. By explaining that there were no facts available to establish the specific intent required for the commission of bank fraud and that the financial institution, the alleged victim of the fraud, sustained no actual loss, the petitioner has provided the court with a more specific description of how his plea lacked the requisite factual basis. The amended claim relies on the same facts as the original claim. In both instances, Lawton contests the circumstances under which I accepted his guilty plea. He has not introduced new allegations arising out of different circumstances and therefore the amendments serve as clarifications of his original contention. As such, they relate back to the time of the original claim and I will consider the specific factors enumerated in the amended motion.

#### 2. *There was a factual basis for Lawton's guilty plea, including the element of specific intent*

■ Lawton claims the district court violated Federal Rule of Criminal Procedure 11 when I failed to elicit a factual basis for his guilty plea. The government contends that I cannot consider this claim because it is not cognizable under 28 U.S.C. § 2255,

---

4. I have assumed that the petitioner intends his citation of the rule to mean that the government failed to satisfy the requirements of Rule 11(c), Rule 11(f), and Rule 11(e) as no subsection of the rule exists under the combined classification.

5. Fed.R.Crim.P. ·11 states in relevant part that: "Pleas ... (c) Advice to Defendant. Before accepting a plea of guilty ... the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands ... (1) the nature of the charge to which the plea is offered ... (e) Plea Agreement Procedure .... (f) Determining Accuracy of Plea ....

the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." *Id.*

6. The government contends that the amended petition actually contains a new claim concerning the violation of Fed.R.Crim.P. 11. They argue that the original petition simply asserts that the factual basis for the pleas was insufficiently recited and that the amended motion argues the legal element of specific intent was omitted from the colloquy. I view the amended ground as a more specific version of the original complaint and therefore treat it as a permissible clarification.

and even if it were, there was a factual basis for Lawton's guilty plea.

The habeas statute does not remedy all legal errors and provides relief only for jurisdictional defects, harmful constitutional errors, and non-jurisdictional and non-constitutional errors that involve " 'a fundamental defect which inherently results in a complete miscarriage of justice.' " *U.S. v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) *quoting Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). A violation of Federal Rule of Criminal Procedure 11 is not a constitutional or jurisdictional violation and does not involve a fundamental defect that may result in a miscarriage of justice, unless the plaintiff can demonstrate otherwise. *See United States v. Timmreck,* 441 U.S. 780, 783–84, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979); *United States v. Cleary,* 46 F.3d 307, 310–11 (3d Cir. 1995) (denying collateral relief even after finding district court violated Rule 11 by failing to properly explain maximum penalty).

Though Lawton argues that if I had properly conducted his plea colloquy, he would have "exercised his constitutional rights to a trial," Mem. in Supp. of Original Mot., 3, which might implicate a fundamental right, a factual basis existed for his guilty plea. Lawton stipulated in his plea agreement with the government that he obtained, and attempted to obtain, money belonging to CoreStates Bank ("CoreStates") by providing stolen CoreStates checks to his co-conspirators "with full knowledge that he and his co-conspirators had no permission or authority to negotiate, use or possess any of the stolen CoreStates checks." Plea Agreement ¶ 2. Lawton stipulated that he forged the name "Joe English" on the CoreStates checks before giving them to his co-conspirators. *Id.* At the guilty plea hearing, the government recited this factual basis for the plea

and Lawton confirmed that the factual basis was accurate. *See* Tr. Nov. 2, 1998 at 13–15.

The government's failure to specifically delineate a definition of "specific intent" does not undermine the valid factual basis for Lawton's plea. Though the government must demonstrate that "the defendant acted knowingly with specific intent to defraud," *United States v. Schwartz,* 899 F.2d 243, 246 (3d Cir.1990), *quoting United States v. Goldblatt,* 813 F.2d 619, 623 (3d Cir.1987), they are not required to define the term at a plea colloquy. The same evidence cited above, contained in the plea agreement, supports the inference that Lawton acted with specific intent and provides a factual basis for his guilty plea. Similarly, the facts contained in the plea agreement support the finding that the "victim" financial institution suffered, if not an actual loss as a result of Lawton's conduct, a potential for loss. As the law requires only a "potential for loss," as an element of the bank fraud offense, the petitioner again fails to demonstrate that no factual basis existed for his guilty plea. *See Goldblatt,* 813 F.2d at 624. Therefore, Lawton's claim for relief based on a Rule 11 violation will be denied.

**B. The indictment alleged the elements of bank fraud**

Lawton contends that the indictment was invalid because the government failed to allege "the interstate commerce element of the crime." Def.'s Mot. at 5. The amended petition does not alter this contention.

Bank fraud has three elements, that: (1) " 'there existed a scheme or artifice to defraud a federally insured financial institution of money' "; (2) " 'the defendant participated in the scheme by means of false pretenses, representations or promises which were material' "; and (3) " 'the defendant acted knowingly with specific

intent to defraud.'" *See United States. v. Schwartz,* 899 F.2d 243, 246 (3d Cir.1990) *quoting United States v. Goldblatt,* 813 F.2d 619, 623 (3d Cir.1987). Here Lawton does not dispute that the funds of the financial institution were insured by the Federal Deposit Insurance Corporation ("FDIC"), which is a federally insured financial institution. Therefore, the government has met the requirements of the statute.[7] *See* 18 U.S.C. § 1344 (2000); 18 U.S.C. § 20 (2000).[8]

### C.   Ineffective assistance of counsel

1.  *The amended petition adds new claims that fall outside of the statute of limitations*

■   Lawton's original petition includes Ground three, that "Petitioner was denied ineffective assistance of counsel. Defense counsel failed to object of the erroneous information in the PSI concerning the amounts of fraud to be determined by the court to calculate petitioner's sentence." Original Mot. for Habeas Corpus, 5. In the amended petition, Lawton includes five separate claims under this count. He claims that his attorney, Joseph Santaguida ("Santaguida"), provided ineffective assistance of counsel because: (1) he failed to conduct any investigation into the facts of the case; (2) he failed to determine the applicable criteria for the offenses; (3) he advised the petitioner to plead guilty when available discovery would have shown a lack of evidence to convict Lawton; (4) he did not explain the difference between "actual loss" and "intended loss" to petitioner;

and (5) he did not call any of the available witnesses at sentencing to testify concerning Lawton's medical condition.

In his original petition, Lawton specifies the basis for his ineffective assistance of counsel claim—that his attorney failed to object to the amounts of loss used to calculate his sentence. Though the memorandum in support of the amended motion does not elaborate on the fourth claim above, that counsel failed to explain the difference between actual and intended loss, it appears that this is a clarification of his original claim. The assertions that Santaguida failed to object to the amount of loss and that he failed to explain the distinction to Lawton relate to the "same set of facts"—that Lawton pled guilty without understanding the amount of loss attributed to him. *United States v. Duffus,* 174 F.3d 333, 337 (3d Cir.1999). Therefore, I will consider the fourth claim above on its merits.

■   The remaining amendments to the ineffective assistance of counsel claim add new grounds rather than clarify ones contained in the original petition. Lawton does not make any reference in his original petition to a general failure to investigate. While he does note that Santaguida would have objected to the amount of loss if prior to that proceeding he had "looked at the facts surrounding the signature of Joe English," he limits his claim to the specific failure to object to the amount of loss. Final Draft of Mem. in Supp. of Original Mot., 8. The amended petition attempts to expand the claim to include any "Meaning-

---

7.  While 18 U.S.C. § 1344 only uses the description "financial institution," 18 U.S.C. § 20 defines that term for purposes of the title and includes "an insured depository institution (as defined in section 3(c)(2) of the Federal Deposit Insurance Act)." An examination of the case law indicates that in effect, courts have taken judicial notice that FDIC insurance satisfies the interstate commerce element necessary for federal jurisdiction.

*See, e.g., United States v. Abuhouran,* 162 F.3d 230, 234 (3d Cir.1998); *United States v. Monostra,* 125 F.3d 183, 184 (3d Cir.1997); *United States v. Schwartz,* 899 F.2d 243 (3d Cir. 1990); *United States v. Goldblatt,* 813 F.2d 619 (3d Cir.1987).

8.  The petitioner does not argue that the statute is unconstitutional in its failure to include an interstate commerce element of the crime.

ful Inquiry of the Petitioner Concerning His Participation in the Matter." Am. Mot. for Habeas Corpus, 2. This, however, does not arise out of the same set of facts as Lawton's initial ineffective assistance of counsel claim. In making this claim, Lawton asks the court to expand its inquiry from the narrow issue surrounding loss, to the entire underlying investigation or lack thereof. Therefore, I cannot consider this claim.

The same analysis applies to the remaining contentions added to Ground three. The claims that Santaguida failed to determine the appropriate legal criteria for conviction, and that he advised Lawton to plead guilty even when available discovery would have shown no evidence existed to support a conviction, expand the scope of the original ineffective assistance claim, rather than clarify it. These inquiries have nothing to do with the amount of loss issue and therefore do not rest on the "same set of facts." *Duffus*, 174 F.3d at 337. Counsel's failure to call witnesses at sentencing is not alleged in the original motion, nor related to anything contained therein. There is no reasonable basis on which I can interpret this as a clarification of the claim that counsel failed to object to the amount of loss. The claims are clearly distinct. Because these amendments add new claims after the statute of limitations has expired, they cannot be a part of petitioner's habeas claim. In considering the Ground three, I will only examine the issues related to counsel's failure to explain to the petitioner the distinction between actual and intended loss.

2. *Lawton's counsel was not ineffective for failure to contest or explain the amount of loss attributable to him.*

The standard for showing ineffective assistance of counsel consists of two separate parts, both of which must be satisfied in order to find ineffective assistance of counsel: (1) trial counsel's representation must fall below an objective standard of reasonableness; and (2) a reasonable probability must exist that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Under the *Strickland* standard, Lawton fails to establish that Santaguida was ineffective. First, Santaguida had no basis to contest the amount of loss attributable to Lawton and therefore did not fall below the objective standard of reasonableness. Lawton stipulated to the amount of loss in his plea agreement with the government.[9] At the plea hearing the government's counsel stated that "[t]here are some stipulations that the parties have entered into ... [including that the] defendant committed or attempted to commit bank fraud in the total amount of $156,388.74." *See* Tr. Nov. 2, 1998 at 6. In response to my inquiry regarding whether the terms articulated at the plea hearing were the terms of the plea agreement as Lawton understood them, he responded, "Yes." *Id.* at 7. Based on Lawton's acknowledgment of a particular amount of loss, both in his plea agreement and in court, his counsel had no legally cognizable objection to make and therefore Santaguida's representation of Lawton does not fall below an objective standard of reasonableness.

The amended petition contains a variation of this claim, but also fails to demonstrate ineffective assistance of counsel under *Strickland*. Lawton claims that his attorney failed to explain the difference to him between actual and intended loss for

---

9. The plea agreement states in relevant part that "the total intended loss was at least $120,000 but less than $200,000, that is $156,388.74." Plea Agreement at ¶ 9(b).

purposes of sentencing and restitution. Even assuming counsel's failure to do so deviated from an objective standard of reasonableness, this claim fails under the second *Strickland* prong. Lawton does not demonstrate how this omission prejudiced his case. To prevail on this claim, Lawton must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. Even if Lawton had understood the difference between actual and intended loss for purposes of sentencing, there is no discernable basis to support a finding that prejudice resulted. The government had ample evidence to support the amounts of loss contained in the plea agreement. Regardless of what defendant understood, the government was correct in using the intended loss amount. The sentencing guidelines state that in crimes of attempt the base level offense should be, "[T]he base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty." U.S. Sentencing Guidelines Manual § 2X1.1 (1998). Pursuant to the guidelines, the correct amount of loss included what Lawton intended, not what he actually effected. *Id.* Therefore, Lawton did not suffer prejudice as a result of his attorney's failure to explain the difference between actual and intended loss and has not made out a successful claim for ineffective assistance of counsel.

I am not required to hold a hearing on this claim. In *United States v. Dawson,* 857 F.2d 923 (3d Cir.1988), the Third Circuit established criteria for determining whether a hearing should be held on a claim for ineffective assistance of counsel raised in a § 2255 motion. *See Dawson,* 857 F.2d at 927–28, *see also U.S. v. Simms,* Nos.Crim. 92–671–3, Civ.A. 97–2981, 2000 WL 190572, at * 6 (E.D.Pa.

Feb.3, 2000). In *Dawson,* the Third Circuit explained that:

First, we must determine whether the district court considered as true all appellant's nonfrivolous factual claims. This step requires that we review whether the district court properly found certain allegations frivolous. Second, we must determine whether, on the existing record, those claims that are nonfrivolous conclusively fail to show ineffective assistance of counsel. To evaluate claims under this second step, we must turn to both prongs of the *Strickland* test. If a nonfrivolous claim clearly fails to demonstrate either deficiency of counsel's performance or prejudice to the defendant, then the claim does not merit a hearing.

*Id.* at 927–28. Here, Lawton's claim is not frivolous, but I can, for the reasons set forth above, without a hearing, conclusively determine that they do not meet the criteria for successful ineffective assistance of counsel claims. I will deny petitioner's motion on grounds of ineffective assistance of counsel as it relates to the amount of loss issue.

### D. Ineffective assistance of counsel based on failure to file an appeal

*1. The amended petition clarifies the claim included in the original motion*

■ Lawton's original motion contains a separate claim that "Defense counsel failed to file an appeal of petitioners sentence and conviction after being requested by petitioner. Petitioner informed his attorney that he wanted to appeal his sentence due to the amount of fraud he was responsible for." Original Mot. for Habeas Corpus, 6. The amended petition contains the contention that "Counsel Failed to Respond to Repeated Post–Sentencing Telephone Calls and Correspondence from the

Petitioner and His Family." Am. Mot. for Habeas Corpus, 2. The amended claim clarifies the basis for relief articulated by the original motion. Counsel's alleged failure to return to phone calls and letters from the plaintiff and his family demonstrates a failure to listen to Lawton's requests. The modified claim arises out of "the same set of facts" as the original claim, namely the unilateral assumption that Santaguida's representation of Lawton had ended after sentencing.[10] *Duffus,* 174 F.3d at 337. Therefore, I will consider this claim on the merits.

2. *Lawton's claim that his counsel ignored his request to file an appeal requires an evidentiary hearing.*

■ Lawton's alleges that his lawyer, Santaguida, ignored telephone calls, correspondence, and his request to file an appeal. In his original complaint, the petitioner attached a signed affidavit indicating that "I requested my attorney to file an appeal of the sentence and the erroneous information in the PSI." Lawton Aff. at ¶ 3. The government counters that Lawton's contention that Santaguida ignored his client's request to appeal is false. An affidavit from Santaguida is attached to the government's brief, stating in pertinent part that Lawton "never requested that I file an appeal on his behalf." Santaguida Aff. at ¶ 2. These dueling affidavits create a question of fact as to whether Lawton instructed his attorney to file an appeal.

Under 28 U.S.C. § 2255, unless it can be absolutely determined that a claim is mer-

itless, the court must " 'grant a prompt hearing ... determine the issues and make findings of fact and conclusions of law with respect thereto.' " *Solis v. United States,* 252 F.3d 289, 294 (3d Cir.2001) *quoting* 28 U.S.C. § 2255 (2000). Because neither party offers support beyond their affidavits, I cannot conclusively decide that Lawton did not request that Santaguida appeal his sentence. Therefore I will hold an evidentiary hearing on this particular claim.[11]

## IV. Conclusion

I will hold an evidentiary hearing regarding Lawton's claim that his counsel was ineffective for failing to file an appeal as he requested. For all of the foregoing reasons, I will deny the remainder of Lawton's § 2255 motion. An appropriate order follows.

### *ORDER*

**AND NOW,** this __ day of January 2002, I **ORDER** that:

(1) There will be an evidentiary hearing held with regard to petitioner's claim that he instructed his counsel at sentencing, Joseph Santaguida, Esq., to appeal.

(2) All other claims included in Cornelius Lawton's motion and amended motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence (docket entries # 25 and # 38) are **DENIED** and **DISMISSED** without an evidentiary hearing.

---

**10.** The government acknowledges that in his second claim Lawton is "restating his claim that counsel failed to file a direct appeal as requested." Government's Resp. to Am. Mot., 5.

**11.** The potential merit of the sentencing appeal is irrelevant in this situation as no specific prejudice must be demonstrated in order to

satisfy the prejudice prong of *Strickland v. Washington. See Roe v. Flores–Ortega,* 528 U.S. 470, 483, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). If Lawton proves his allegations, then he has demonstrated that he has been fully deprived of an appellate proceeding Such a deprivation "demands a presumption of prejudice." *Id.*

(3) There is no probable cause to issue a certificate of appealability.