

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-21-1999

# USA v. Duffus

Precedential or Non-Precedential:

Docket 98-1548

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation

"USA v. Duffus" (1999). *1999 Decisions.* Paper 106.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/106

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed April 20, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-1548

UNITED STATES OF AMERICA

v.

CLINTON DUFFUS a/k/a "Paul Lewis, Beanie"

Clinton Duffus,

        Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Judge: Honorable James McGirr Kelly
(D.C. Civ. No. 90-00238-7)

Submitted under Third Circuit LAR 34.1(a)
March 25, 1999

BEFORE: GREENBERG, ROTH, and ROSENN,
Circuit Judges

(Filed: April 20, 1999)

Michael R. Stiles
United States Attorney
Walter S. Batty, Jr.
Assistant United States Attorney
Chief of Appeals
Dina A. Keever
Assistant United States Attorney
Office of United States Attorney
615 Chestnut Street
Philadelphia, PA 19106

   Attorneys for Appellee

Arza R. Feldman
Feldman & Feldman
1800 Northern Boulevard
Suite 206
Roslyn, NY 11576

   Attorneys for Appellant

OPINION OF THE COURT

GREENBERG, Circuit Judge.

I. INTRODUCTION

A jury convicted appellant Clinton Duffus of certain drug-related offenses including conspiracy to distribute cocaine and cocaine base, RICO, possession of cocaine with intent to distribute, and money laundering. The district court on November 26, 1991, sentenced Duffus to concurrent sentences so that his effective custodial term was 400 months. Duffus appealed but we affirmed on October 29, 1992, by judgment order. See United States v. Duffus, 980 F.2d 725 (3d Cir. 1992) (table). Duffus did notfile a petition for certiorari.

In March 1997, Duffus, who was pro se throughout the proceedings under 28 U.S.C. S 2255 in the district court involved in this appeal, filed a motion seeking an extension of time to file a motion to vacate, set aside, or correct

sentence pursuant to section 2255.1 While the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides "[a] 1-year period of limitation to a motion under" section 2255 measured from the latest of several events, the Department of Justice has taken the position that prisoners were entitled to a grace period after AEDPA's effective date of April 24, 1996, to file section 2255 motions. Furthermore, we have held that federal prisoners were entitled to a full one-year period after April 24, 1996, to file section 2255 motions so that the AEDPA would not be "impermissibly retroactive." See Burns v. Morton, 134 F.3d 109, 111-12 (3d Cir. 1998). Without that grace period, if Duffus had filed a motion for relief under section 2255 in March 1997, it would have been untimely as it is clear that in his case the one year would have been measured from the date when we affirmed his conviction on direct appeal and the period for seeking a writ of certiorari expired. See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). Thus, the effect of Burns v. Morton was to make Duffus's conviction and all other convictions in this circuit otherwise final before the effective date of the AEDPA, April 24, 1996, final on that day for purposes of calculating the limitations period under section 2255.

The district court, by order dated April 18, 1997, denied

_____

1. Section 2255 provides in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
>  (1) the date on which the judgment of conviction becomes final;
>
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the
> United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>  (3) the date on which the right asserted was initially recognized by
> the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

Duffus's motion for an extension of time to file a motion for relief under section 2255, as it did not have the authority to extend the AEDPA statute of limitations. Nevertheless, the court indicated that Duffus could file his section 2255 motion "and request leave to supplement it within 30 or 60 days."

On April 23, 1997, Duffus filed a timely section 2255 motion within the grace period established by Burns v. Morton. In his motion Duffus asserted that his attorney had been ineffective because the attorney failed to contend on appeal that the evidence was insufficient to convict Duffus of money laundering and because the attorney failed to object at sentencing to the district court's use of the sentencing guidelines in effect at the time of the sentencing rather than those in effect in April 1988, when Duffus allegedly withdrew from the conspiracy. Duffus also asserted that the district court wrongfully attributed more than 50 kilograms of cocaine to him in calculating his sentence. The government filed a response urging that the "motion should be denied in its entirety" on the grounds that it was procedurally defective and lacking in merit.[2]

Thereafter on October 28, 1997, more than six months after Duffus filed his section 2255 motion andfive years after we affirmed his conviction on his direct appeal, Duffus moved to amend the motion. His proposed amendment included various bases for relief and, as germane here, urged that his trial attorney had been ineffective for failing to move to suppress evidence. Duffus explained in his brief supporting his motion to amend that when the Philadelphia police stopped him on December 31, 1987, while he was driving a motor vehicle, they said that they did so because he had run a stop sign. They also stated that he ran away and dropped a sock containing nine ounces of cocaine which they recovered.

_____

2. The government also contended that the petition was late because it was docketed in the district court on April 29, 1997. The court, however, regarded it as timely because Duffus placed it in the prison mail box on April 23, 1997. See Burns v. Morton, 134 F.3d at 112–13. The government does not challenge this decision on this appeal.

Duffus indicated that when he found out that he was being charged for an offense arising out of his possession of this cocaine he advised his attorney that the police had stopped him for no reason and then found the cocaine inside his vehicle. Nevertheless, his attorney did not move to suppress the cocaine as evidence and he did not even investigate Duffus's assertion. Duffus argued that if his attorney had moved to suppress the evidence there was a reasonable probability that in evaluating the credibility of the witnesses the court would have believed him and granted the motion to suppress. He asserted that supression of the evidence would have led to his acquittal on the charge of possession of cocaine with intent to distribute.

The court referred Duffus's section 2255 motion, including the motion to amend, to a magistrate judge who filed a report and recommendation on April 6, 1998, recommending that the district court deny both Duffus's original motion and his motion to amend without an evidentiary hearing. On May 19, 1998, the district court entered an order approving and adopting the report and recommendation and denying the section 2255 motion, and thus the motion to amend as well, without an evidentiary hearing. Duffus then moved for reconsideration but the district court denied that motion on July 7, 1998.

Duffus then appealed from the July 7, 1998 order, and filed a motion asking the district court to issue a certificate of appealability.3 The district court denied the motion by order entered August 20, 1998. Duffus also filed a request for a certificate of appealability with this court which a motions panel granted on August 20, 1998, on three issues, the third being Duffus's allegation "that the district court erred in denying [his] motion to amend his section 2255 motion."4 On August 28, 1998, the government filed

_____

3. Inasmuch as Duffus filed his section 2255 motion after the effective date of the AEDPA he was required to seek a certificate of appealability even though he had been convicted before that date. See United States v. Skandier, 125 F.3d 178, 180 (3d Cir. 1997).

4. Inasmuch as the district court denied a certificate of appealability, Duffus's appeal could not go beyond those three issues. See United States v. Eyer, 113 F.3d 470, 474 (3d Cir. 1997).

5

a motion seeking reconsideration of the order granting the certificate of appealability which the motions panel referred to the merits panel.

On this appeal, Duffus argues only that the magistrate judge and the district court abused their discretion when they respectively recommended that the amendment not be allowed and denied the motion to amend. This appeal, however, can be only from the district court's order. The particular argument that Duffus sought to make in his motion to amend, which he presses on this appeal, is that his attorney rendered ineffective assistance by failing to move to suppress the nine ounces of cocaine seized when the police arrested him on December 31, 1987.5

II. DISCUSSION

The magistrate judge recommended that the district court deny the motion to amend because he concluded that Duffus's delay in presenting the issues in the amendment was unwarranted. He pointed out that Duffus waited six years before he filed the section 2255 motion and that he had the advantage of the one-year grace period. Moreover, there was nothing in the motion to amend that could not have been included in the original motion. The magistrate judge also noted that the district court indicated that it would allow Duffus additional time, 30 or 60 days, to move to supplement his motion. Yet, Duffus filed the motion to amend well after the court's deadline. Finally, the magistrate judge said that the motion to amend sought to advance issues that had "no merit." The district court entered its order approving and adopting the report and recommendation and denying the motion to amend without opinion.

The Federal Rules of Civil Procedure apply to motions to amend habeas corpus motions. See Riley v. Taylor, 62 F.3d 86, 89 (3d Cir. 1995). We review a district court order denying a motion to amend for an abuse of discretion. See id. Rule 15(a) provides that a party may amend his pleading

_____

5. The amendment raised other issues but Duffus does not advance them on this appeal.

6

once as a matter of course at any time before a responsive pleading is filed. In this case, however, the government filed a responsive pleading before Duffus sought to amend his motion and it opposed the amendment. Therefore, in issue here is the portion of Rule 15(a) providing that when amendment as a matter of course is not allowed, "a party may amend the party's pleadings only by leave of court [which] leave shall be freely given when justice so requires."

The Supreme Court has indicated that in the absence of evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment [or] futility of amendment," leave to amend should be freely given. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). Furthermore, we have indicated that ordinarily delay alone is not a basis to deny a motion to amend. See, e.g., Riley, 62 F.3d at 91; Cornell & Co., Inc. v. Occupational Safety and Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978). Thus, at first glance it might be thought that Duffus makes a strong showing that the district court abused its discretion in denying leave to amend unless the amendment would have been futile.

There is, however, a special situation here. Under the AEDPA statute of limitations, with its recognized grace period, Duffus had until April 23, 1997, to file his motion because 28 U.S.C. S 2255 provides that motions must be filed within one year from "the date on which the judgment of conviction becomes final." While section 2255 has three additional provisions providing for later dates from which the statute runs, none is implicated here. Thus, in the absence of the one-year grace period, the AEDPA would have barred Duffus's motion when the AEDPA became effective. As we have explained, however, because of the grace period, Duffus's conviction for purposes of the section 2255 limitations period became final on April 24, 1996. Accordingly, if the district court had granted the motion to amend, filed on October 28, 1997, it would have frustrated the intent of Congress that claims under 28 U.S.C. S 2255 be advanced within one year after a judgment of conviction becomes final unless any of the other circumstances in 28

7

U.S.C. S 2255 are applicable. Therefore, we cannot possibly say that the court abused its discretion when it denied the motion to amend.

We do not go so far as to suggest that the district court could not have permitted any amendment of the motion after April 23, 1997. Certainly the court could have permitted an amendment to clarify a claim initially made.6 Here, however, while Duffus asserted in his initial motion that his attorney had been ineffective, the particular claim with respect to failing to move to suppress evidence was completely new. Thus, the amendment could not be deemed timely under the "relation back" provisions of Fed. R. Civ. P. 15(c). As the Court of Appeals for the Eighth Circuit recently explained in United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999), "If the ineffective conduct alleged by Craycraft in his first petition cannot be said to have arisen out of the same set of facts as his amended claim, his amendment cannot relate back and his claim must be time-barred since it was filed after the statutory period of limitation." We find Craycraft to be a compelling precedent. In these circumstances and considering the April 23, 1997 deadline, the district court was correctly circumspect in considering an application to amend. Indeed, the court was generous, perhaps to a fault, in indicating that it would consider a request made by Duffus, within 30 or 60 days after he filed his original motion, to supplement the motion.7

We reiterate that if the court permitted the amendment it would have acted contrary to the policy of the AEDPA, which requires courts to measure the running of the limitations periods from the date on which the judgment of conviction becomes final. While the statute will run from

_____

6. In our discussion we are proceeding on the understanding that none of the statutory bases for extending the statute of limitations beyond one year after the judgment of conviction is applicable here. Obviously we are not concerned here with an amendment of a section 2255 motion to advance a claim that is timely under that section.

7. Duffus cannot claim reasonably that the court misled him by indicating that it would entertain a motion to supplement the original motion as the court limited the period to file the motion to 30 or 60 days after Duffus filed his first motion, and Duffus took six months to seek to amend.

"the date on which the facts supporting the claim or claims presented could have been discovered through the exercises of due diligence" if that date follows the date the judgment of conviction becomes final, Duffus was aware of the facts to support his claim before his conviction becamefinal. In these circumstances, an amendment to introduce the new theory into the case that his trial attorney had been ineffective for failing to move to suppress the cocaine, is simply not acceptable.

In reaching our result we recognize that the law governing habeas corpus motions can be quite technical and that it may be difficult for even an attorney to grasp all of its nuances. Surely, then, a court could not expect a pro se litigant such as Duffus to understand all the aspects of those proceedings. Duffus, however, raised an issue that was not technical and that he identified before his trial even began. Moreover, he does not claim that he thought that his trial attorney in fact moved to suppress. Therefore, Duffus had every reason to include an argument that his attorney had been ineffective by failing to move to suppress evidence in his initial section 2255 motion. Accordingly, the court did not abuse its discretion in denying the motion to amend. See Parker v. Champion, 148 F.3d 1219, 1222 (10th Cir. 1998), cert. denied, 119 S.Ct. 1053 (1999).

We make one final point. We do not suggest that the government would have been prejudiced by Duffus's delay if the court granted his motion to amend. In fact, the magistrate judge recommended rejection on the merits of all of Duffus's contentions in his initial section 2255 motion, and clearly he similiarly would have recommended that the court reject the ineffective assistance of counsel argument if Duffus had included it in his initial motion. After all, the magistrate judge said the issues Duffus raised in the proposed amendment had "no merit." Furthermore, we cannot say that the passage of time, either from the conviction date until the time of the initial section 2255 motion, or from the time of that motion until Duffus sought to amend, would have impaired the government's ability to prosecute this case if the district court had ordered a new trial.

9

We do not predicate our result, however, on a finding of prejudice. Instead, we have reached our conclusion in recognition of the principle that usually statutes of limitations operate without taking prejudice from delay into account. A prisoner should not be able to assert a claim otherwise barred by the statute of limitations merely because he asserted a separate claim within the limitations period.

III. CONCLUSION

For the foregoing reasons we will affirm the order of July 7, 1998.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit