**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-7643

CLEO GRAHAM, a/k/a Shawn, a/k/a
Derwick LaVelle Graham,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-96-44, CA-98-419-3-3-MU)

Submitted: July 27, 1999

Decided: August 10, 1999

Before ERVIN and MOTZ, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Cleo Graham, Appellant Pro Se. Robert Jack Higdon, Jr., OFFICE OF
THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cleo Graham appeals the district court's order denying his motion to amend his 28 U.S.C.A. § 2255 (West Supp. 1999) motion. We vacate and remand.

Graham was convicted in 1997 of conspiracy to possess with intent to distribute cocaine base. He filed his § 2255 motion on September 21, 1998, claiming ineffective assistance of counsel. On September 30, the district court sua sponte issued an order denying Graham's claim on the merits. Graham moved on October 16 to amend his § 2255 motion to add a claim that counsel was ineffective for failing to note an appeal after he was sentenced. On October 22, the district court entered judgment in accordance with the September 30 order. On October 26, the court denied Graham's motion to amend, which the court construed as a successive § 2255 motion. The court concluded that Graham had to obtain this court's authorization to file such a motion. Graham timely appeals the denial of his motion to amend.

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Rule 15(a) applies to § 2255 motions. See United States v. Duffus, 174 F.3d 333, 336 (3d Cir. 1999); United States v. Cervantes, 132 F.3d 1106, 1111 (5th Cir. 1998). We review the denial of a motion to amend for abuse of discretion. See United States v. Craycraft, 167 F.3d 451, 457 n.6 (8th Cir. 1999).

Here, no responsive pleading was filed; the district court announced its decision less than ten days after Graham filed his § 2255 motion. Prior to entry of judgment, Graham moved to amend his § 2255 motion to add an additional claim. See Lone Star Motor Import, Inc. v. Citroen Cars Corp., 288 F.2d 69, 74-77 (5th Cir. 1961)

2

(permitting amendment of pleading after announcement of decision but before entry of judgment). There is no suggestion in this case of undue delay, bad faith, prejudice to the United States, or futility of the proposed amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962). Further, the consequences of upholding the denial of the motion to amend would be particularly harsh because appellate courts may authorize second or successive § 2255 motions only in very limited circumstances. See 28 U.S.C.A. §§ 2244, 2255 (West Supp. 1999).

We therefore grant a certificate of appealability and vacate the decision of the district court denying the motion to amend. The matter is remanded with directions that the court reopen its judgment denying Graham's § 2255 motion and permit Graham to amend that motion to include his additional claim of ineffective assistance of counsel. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3