WAUSAU UNDERWRITERS INSUR-
ANCE COMPANY, as subrogee of Hal-
pren and Company, Inc. and Green Cir-
cuits, Inc.

v.

William SHISLER.

No. CIV.A. 98–5145.

United States District Court,
E.D. Pennsylvania.

Dec. 1, 1999.

Elliott R. Feldman, Cozen & O'Connor, Philadelphia, PA, for Wausau Underwriters Insurance Company, plaintiff.

John C. Farrell, Kenneth S. Fair, Philadelphia, PA, Eric A. Weiss, Jonathan D. Weiss, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, PA, for William Shisler, defendant.

Gregory J. Kelley, PA, Joseph A. Daly, Kelly, McLaughlin & Foster, Philadelphia, PA, for Green Circuits, Inc., Halpern and Company, Inc., third-party defendants.

John C. Farrell, Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, PA, for Myers Maintenenace Co., defendant.

## MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before the Court are the Motion for Leave to File an Amended Complaint of Wausau Underwriters Insurance Company ("Wausau" or "Plaintiff"), as subrogee of Halpern and Company ("Halpern"), Inc. and Green Circuits, Inc. ("Green") (Docket No. 25) and William Shisler's ("Shisler" or "Defendant") response thereto (Docket No. 27). Also before the Court are Defendant's Motion for Leave to Extend Summary Judgment Motion Deadline until October 15, 1999 (Docket No. 31) and Plaintiff's response thereto (Docket No. 32). For the reasons stated hereafter, Plaintiff's Motion is **GRANTED** and Defendant's Motion is **DENIED as moot.**

## I. BACKGROUND

On September 28, 1998, Plaintiff, as subrogee of Halpern and Green Circuits filed a Complaint against Defendant Shisler. Plaintiff's Complaint alleged the following facts.

On December 3, 1997, a fire occurred at a facility owned by Halpern and leased to Green, which is located at 1260 North 31st Street, Philadelphia, Pennsylvania. The fire caused damage to the real and personal property of Halpern and Green.

Wausau is the subrogee of Green and Halpern. Wausau provided first party insurance coverage for Halpern and Green for damages sustained in the fire. Under the terms of the insurance policy, Wausau paid money to Halpern and Green for losses sustained as a result of the fire. By payment of insurance proceeds to Green and/or Halpern, Wausau became subrogated to the rights of Green and Halpern to recover its losses from a potentially responsible third-party, i.e., someone other than Green and Halpern. The damage sustained by Halpern and Green were caused by Shisler's negligence and breach of contract.

On October 29, 1998, Shisler filed his Answer and Affirmative Defenses. Shisler alleged that he was not labile to Wausau. He claimed that at all times he was acting as the employee, borrowed servant, servant, or agent of Green and/or Halpern, and that if he were negligent, then his negligence is imputed to Green and/or Halpern and Wausau. Shisler asserted that Green, Halpern, and/or Wausau were contributorily and/or comparatively negligent.

On November 5, 1998, Shisler filed a Third–Party Complaint against Green and Halpern. The Third–Party Complaint alleges the following facts. On or about November 11, 1997, Green and/or Halpern hired Shisler to work as a foreman on their second shift. Green and/or Halpern trained, instructed, and supervised Shisler's work. Shisler was under their control at all relevant times with respect to the method and manner in which he worked for them. Shisler acted as the employee, borrowed servant, servant, or agent of Green and/or Halpern.

On December 3, 1997, a fire occurred purportedly causing damage to the property of Green and Halpern as well as business interruption losses. The fire and the claimed damages sustained by Wausau, Green, and Halpern were allegedly caused by the carelessness and negligence of Third–Party Defendants Green and Halpern. Third–Party Defendants Green and Halpern are solely liable to Plaintiff Wausau. Green and/or Halpern are solely liable to Plaintiff Wausau jointly and severally or in the alternative, liable to Defendant and Third–Party Plaintiff Shisler for indemnification and/or contribution.

On February 22, 1999, the Third–Party Defendants filed the instant motion moving the Court to dismiss the Third–Party Complaint. On March 2, 1999, the Plaintiff filed an Answer to this motion. In its Answer, Wausau states that it does not oppose the relief sought by the Third–Party Defendants. On March 23, 1999, Defendant and Third–Party Plaintiff Shisler filed his Answer to the motion to dismiss his Third–Party Complaint. The Third–Party Defendants filed a Reply Brief on March 31, 1999. On July 21, 1999, the Court granted Third–Party Defendants' Motion to Dismiss and dismissed Defendant's Third–Party Complaint against Halpern and Green.

On August 8, 1999, Plaintiff filed the instant Motion for Leave to File an Amended Complaint. Plaintiff seeks to add Meyers Maintenance Company ("MMC") as a defendant. Defendant filed an Answer to Plaintiff's Motion on August 20, 1999. On September 22, 1999, Defendant filed a Motion for Leave to Extend Summary Judgment Motion Deadline until October 15, 1999.

## II. *DISCUSSION*

### A. *Legal Standard for Motion for Leave to Amend Complaint*

■ Federal Rule of Civil Procedure 15(a) provides as follows:

Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, the party may also amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and

leave shall be freely given when justice so requires. A party shall plead in response to an amended complaint within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.

Fed.R.Civ.P. 15(a). Motions to amend under Rule 15(a) may be filed to cure a defective pleading, to correct insufficiently stated claims, to amplify a previously alleged claim, to change the nature or theory of the case, to state additional claims, to increase the amount of damages sought, to elect different remedies, or to add, substitute or drop parties to the action. 6 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure:* Civil 2d § 1474 (1990). *See Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 569 (3d Cir.1976) (district court improperly denied amendment to add claims and substitute parties), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). It must be noted that in considering such a motion, Rule 15(a) expressly demands that "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Leave to amend may be properly denied, however, where there exists "undue delay, bad faith or dilatory motive on part of the movant ... undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment ...." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

The Third Circuit stated that the "potential for undue prejudice [to the non-moving party] is 'the touchstone for the denial of the leave to amend.'" *Coventry v. United States Steel Corp.,* 856 F.2d 514, 519 (3d Cir.1988) (quoting *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n,* 573 F.2d 820, 823 (3d Cir.1978)); *Howze v. Jones & Laughlin Steel Corp.,* 750 F.2d 1208, 1212 (3d Cir.1984) (same). One potential source of prejudice to the defendant is undue delay which, as interpreted by the Third Circuit, refers to delay in the proceedings, not to delay in amending the pleadings. *See, e.g., Boileau v. Bethlehem Steel Corp.,* 730 F.2d 929, 939 (3d Cir.1984). Moreover, the Third Circuit explained that unexcused delay unac-

companied by real detriment to the defendant or the judiciary does not constitute undue delay. *See, e.g., Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n,* 573 F.2d 820, 823 (3d Cir.1978). In *Adams v. Gould, Inc.,* 739 F.2d 858 (3d Cir. 1984), the Third Circuit expressly set forth the legal standard for undue delay and potential prejudice:

> The passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become "undue," placing an unwarranted burden on the court, or will become "prejudicial," placing an unfair burden on the opposing party.... The question of undue delay, as well as the question of bad faith, requires [the court to] focus on the plaintiff['s] motives for not amending [the] complaint ... earlier; the issue of prejudice requires [the court to] focus on the effect on the defendant.

*Id.* at 868. The Third Circuit also stated that "ordinarily delay alone is not a basis to deny a motion to amend." *United States v. Duffus,* 174 F.3d 333, 337 (3d Cir.1999) (citations omitted).

■ Otherwise, while leave to amend is left to the sound discretion of the trial court, *Gay v. Petsock,* 917 F.2d 768, 772 (3d Cir. 1990), is it an abuse of discretion if the district court refuses to grant leave to amend without providing a reason for its decision. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

### 1. *Plaintiff's Motion for Leave to Amend Complaint*

■ Plaintiff seeks to amend its Complaint to add MMC as a defendant to the instant lawsuit. Plaintiff assets that MMC should be added as a defendant for the following reasons: (1) new theories or claims are not presented; (2) the discovery process will not be prolonged or complicated; and (3) undue prejudice to the Defendant will not result. (*See* Mem. of Law in Supp. of Pl.'s Mot. for Leave to File an Amend. Compl. at 2.).

Defendant, on the other hand, argues that Plaintiff's Motion should be denied for the following reasons: (1) Plaintiff offers no ex-

planation for the late joinder of MMC although it knew about MMC within days of the December 3, 1997 fire; (2) Defendant has already been sued and does not see how adding MMC will be beneficial to the instant lawsuit; and (3) MMC will be prejudiced in its defense given the late date of Plaintiff's Motion for Leave to Amend.

The Court cannot disregard, however, the liberality of the policy regarding Rule 15(a) amendments. That is, the Court is cognizant that leave to amend shall be freely granted where justice so requires.

The Court finds that the documents produced by Defendant in support of his Answer to the instant Motion ultimately favor Plaintiff's position because they indicate that "real detriment" to Defendant or the Court is unlikely. For example, the documents include a letter written by Plaintiff's counsel, Elliott Feldman. Said letter, dated December 9, 1999, expressly informed Bill Meyers ("Meyers"), the president of MMC, that "it is [Plaintiff's] intention to seek reimbursement from [MMC] for all property losses sustained in the fire." (*See* Answer of Def. William Shisler to the Motion for Leave, Ex. A). Thus, while Plaintiff's original Complaint failed to name MMC as a defendant, MMC was on notice that it would be sued.

Another letter indicates that Meyers actually inspected the "fireground" and took photographs of the burned premises and its damaged contents. (*See* Answer of Def. William Shisler to the Motion for Leave, Ex. A). The Court finds it perplexing that Meyers would have desired and/or been permitted to inspect the "fireground" had he not expected Plaintiff to sue his company. Said notice strongly mitigates against any claims of prejudice presented by Defendant.

The Court is guided by the Third Circuit's statement that undue delay refers to delay in the proceedings, not to delay in amending the pleadings. *See, e.g., Boileau v.*

*Bethlehem Steel Corp.*, 730 F.2d 929, 939 (3d Cir.1984). Thus, while Plaintiff filed the instant Motion less than two months before the close of discovery but several months before the applicable statute of limitations tolled, the Court does not conclude that MMC will be prejudiced by being named as a defendant in the instant lawsuit. To ensure that MMC and Defendant will not be prejudiced, however, the Court will amend its Scheduling Order of January 22, 1999, thereby allowing all parties more time to conduct discovery. Accordingly, Plaintiff's Motion is granted.[1]

An appropriate Order follows.

### *ORDER*

AND NOW, this 1st day of December, 1999, upon consideration of the Motion for Leave to File an Amended Complaint of Plaintiff Wausau Underwriters Insurance Company, as subrogee of Halpern and Company, Inc. and Green Circuits, Inc. (Docket No. 25) and Defendant William Shisler's response thereto (Docket No. 27), and Defendant's Motion for Leave to Extend Summary Judgment Motion Deadline until October 15, 1999 (Docket No. 31) and Plaintiff's response thereto (Docket No. 32), IT IS HEREBY ORDERED that:

(1) Plaintiff's Motion for Leave to File an Amended Complaint is **GRANTED**; and

(2) Defendant's Motion for Leave to Extend Summary Judgment Motion Deadline until October 15, 1999, is **DENIED as moot.**

---

1. In granting Plaintiff's Motion, the Court will extend the discovery deadlines heretofore established by issuing an Amended Scheduling Order. Accordingly, as the date of this Memorandum and Order postdates the relief requested by Defendant in his Motion for Leave to Extend Summary Judgment Motion Deadline until October 15, 1999, Defendant's Motion is denied as moot. Moreover, Defendant filed a Motion for Summary Judgment on October 15, 1999. Defendant will be allowed, however, to supplement or replace his current Motion for Summary Judgment in accordance with the Amended Scheduling Order.