**UNITED STATES of America**

v.

**Robert SIMS: a/k/a Mohammed; a/k/a Mo**

**Robert Sims, Appellant.**

**No. 01–1610.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 9, 2002.

Filed Sept. 18, 2002.

Before NYGAARD, ROTH, and WEIS, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

This is a sentencing appeal. Defendant Robert Sims was convicted on 17 counts stemming from his involvement in a large-scale drug trafficking organization in 1994. He was sentenced to multiple life sentences, to run concurrently, and an additional 40 years to run consecutively. On direct appeal, we affirmed the convictions and sentence.

In 1997, Sims filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, alleging ineffective assistance at trial and arguing that conviction for carrying and using a firearm in connection with drug trafficking should be set aside under *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The District Court denied all claims associated with ineffective assistance of counsel but vacated the firearm conviction. Additionally, the District Court vacated two convictions of conspiracy pursuant to *Rutledge v. United States,* 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996), and ordered Sims resentenced on several drug-related convictions because those counts actually involved cocaine rather than cocaine base. Ultimately, the District Court resentenced Sims to 360 months to run concurrently for each of nine counts (as well as five other shorter concurrent sentences) and an additional 10 years to run consecutively for violation of 18 U.S.C. § 924(c).

This latest appeal followed. Sims alleges that the District Court committed error in reappointing his trial counsel as counsel for resentencing and that his new sentence violated the rule set forth in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by basing a sentence on a drug weight not found by a jury. For reasons discussed below, both arguments fail.

The District Court reappointed Sims' original counsel for purposes of resentencing and Sims moved for appointment of new counsel. The District Court denied the motion, finding that no meritorious allegations of ineffectiveness from the earlier trial remained and that counsel in question could adequately represent Sims. We agree. Our primary concern is a potential conflict of interest between attorney and client. A detailed review of the record demonstrates that counsel zealously represented Sims at resentencing and had no true conflict of interest. Furthermore, we note that Sims' protestations over the effectiveness of his original counsel do not amount to a Constitutional violation. The Supreme Court has stated that "[i]f counsel is a reasonably effective advocate, he meets constitutional standards irrespective of his client's evaluation of his performance." *United States v. Cronic*, 466 U.S. 648, 657 n. 21, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

Sims' remaining contention is that, absent a finding by a jury of a specific drug quantity, the statutory maximum for his crimes should be 20 years, pursuant to 21 U.S.C. § 841(b)(1)(C). He claims that his sentence of 360 months violates the rule announced in *Apprendi* by exceeding the statutory maximum based on an element not proven to a jury. Sims is incorrect. Among other crimes, he was convicted of distributing cocaine within 1,000 feet of a school. 21 U.S.C. § 860. This crime carries a maximum statutory sentence of 40 years, irrespective of the drug quantity. Sims' sentence therefore did not exceed the statutory maximum and Apprendi is not triggered.

Furthermore, Sims' argument that *Apprendi* should apply is untimely. Sims did not make an Apprendi claim until after the disposition of his first habeas petition when he filed a motion for correction of sentence pursuant to Federal Rule of Criminal Procedure 35(a). He again repeated this argument in a motion to dismiss the indictment. In denying both motions, the District Court properly recognized that Sims' efforts to amend his original petition were impermissible attempts to present a successive habeas petition without approval from this Court. As we explained in *United States v. Duffus*, 174 F.3d 333 (3d Cir.1999), *cert. denied*, 528 U.S. 866, 120 S.Ct. 163, 145 L.Ed.2d 138 (1999), once the statute of limitations for the original petition has run "an amendment to introduce the new theory into the case...is simply not acceptable." *Id.* at 338.

For these reasons, the judgment of the District Court will be affirmed.