**Scott ANDERSON, Appellant,**

v.

**PENNSYLVANIA ATTORNEY GENERAL.**

No. 01–4065.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Oct. 27, 2003.

Decided Nov. 12, 2003.

Cheryl J. Sturm, Chadds Ford, PA, for Appellant.

Jaime M. Keating, Office of District Attorney, Carlisle, PA, for Appellee.

Before SCIRICA, Chief Judge, NYGAARD and AMBRO Circuit Judges.

OPINION OF THE COURT

SCIRICA, Chief Judge.

Appellant Scott Anderson appeals a District Court order denying his motion for an extension of time to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We will affirm.

## I.

In 1995, a Pennsylvania jury convicted Anderson of second degree murder, robbery and criminal conspiracy for his role as an accomplice in the shooting death of a police officer. He was sentenced to a term of life imprisonment without parole for the murder and a term of four to fifteen years for the robbery and criminal conspiracy. The Pennsylvania Superior Court vacated the sentence for robbery and affirmed in all other respects. *Commonwealth v. Anderson*, 698 A.2d 1343 (Pa.Super.1997) (table). The Pennsylvania Supreme Court denied allocatur on November 20, 1997. *Commonwealth v. Anderson*, 550 Pa. 676, 704 A.2d 633 (1997) (table). Anderson did not file a petition for writ of certiorari.

Anderson filed a petition for relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons.Stat. Ann. §§ 9541–9546 ("PCRA"). The PCRA court denied the petition. The Superior Court affirmed. *Commonwealth v. Anderson*, 748 A.2d 1248 (Pa.Super.1999) (table). The Pennsylvania Supreme Court denied allocatur on April 4, 2000. *Commonwealth v. Anderson*, 563 Pa. 608, 757 A.2d 927 (2000) (table). Anderson did not file a petition for writ of certiorari.

On March 21, 2001, Anderson, proceeding *pro se*, filed in the United States District Court for the Middle District of Pennsylvania a "Motion for an Extension of Time to File Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254." In his motion, Anderson stated that his grounds for habeas relief are based on the ineffective assistance of counsel, in violation of his rights under the Sixth Amendment and the Due Process Clause. He further stated that the one-year time limitation to seek habeas relief was about to expire, that he needed more time to prepare his petition and that counsel advised him to seek an extension of time. He requested a 90– to 120–day extension of time or an instruction that he

file his petition promptly. Anderson paid the $5.00 filing fee for a § 2254 petition.

The District Court denied Anderson's motion. Noting that the motion does not set forth any actual claims for habeas relief, the District Court determined that when Anderson filed it, the statute of limitations for filing his habeas petition was about to expire. The District Court concluded that Anderson did not allege extraordinary circumstances that would warrant equitably tolling the limitations period. The District Court stated that Anderson could seek reconsideration of its decision if he believed that the circumstances warranted equitable tolling, or if he could allege facts showing that his habeas petition was timely filed.

Anderson then filed, through counsel, a motion for reconsideration. He argued that he filed his motion for an extension of time within the limitations period and that it contained sufficient information to constitute a habeas petition. Anderson stated that the District Court should have given him an enlargement of time with instructions to file a more specific pleading, and at a minimum, it should have notified him before dismissing the motion. In the event the District Court concluded that the filing did not satisfy § 2254, Anderson argued that equitable tolling applies because the attorney who represented him on posttrial motions and direct appeal refused to give him his file. The District Court denied the motion for reconsideration. Anderson appealed and requested a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1).

This court granted the application for a certificate of appealability on the following issues: (1) whether the District Court erred in dismissing the motion for an extension of time without considering whether appellant is entitled to have the motion recharacterized as a § 2254 petition, even

though the motion does not raise a sufficiently specific claim for habeas relief; (2) if the motion for an extension of time is recharacterized as a § 2254 petition, whether, and to what extent, AEDPA's one-year limitations period can be equitably tolled to allow appellant to amend the petition to add supporting facts and/or new claims; and (3) whether allowing appellant to amend the petition to add supporting facts (after the limitations period has expired) would violate the court's holding in *United States v. Duffus*, 174 F.3d 333, 337–38 (3d Cir.1999), in that amplified claims would have to be viewed as new claims. *See United States v. Thomas*, 221 F.3d 430, 437 (3d Cir.2000).

## II.

### A. *Applicable Statute of Limitations*

A one-year statute of limitations applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *See id.* The Pennsylvania Supreme Court denied allowance of appeal with respect to Anderson's direct appeal on November 20, 1997. The District Court, and the Commonwealth, erroneously view this as the day Anderson's conviction became final. His conviction in fact became final on February 18, 1998, when the 90–day period for filing a certiorari petition expired. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir.1999) (holding that a judgment of conviction became final when the time for filing a certiorari petition expired where petitioner did not seek review by the Supreme Court).

The statute of limitations is tolled during the pendency of properly filed state post-conviction proceedings. 28 U.S.C.

§ 2244(d)(2). Here, the limitations period ran for 29 days, and was tolled on March 20, 1998, the date that Anderson mailed his PCRA petition to the court for filing. *See Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (holding that a prisoner's notice of appeal was filed at the time he delivered it to prison authorities for forwarding to the court clerk). The statute of limitations began to run again on April 5, 2000, the day after the Pennsylvania Supreme Court denied allowance of appeal with respect to the PCRA petition. The statute of limitations expired on March 6, 2001. The motion for an extension of time may be deemed filed on March 2, 2001, the date that it was mailed. *See Houston*, 487 U.S. at 276, 108 S.Ct. 2379. Thus, if Anderson's motion is recharacterized as a habeas petition, it would be timely filed.

### B. *Recharacterization of the Motion for an Extension of Time*

In *United States v. Miller*, 197 F.3d 644, 649–52 (3d Cir.1999), the court held that district courts should discontinue automatically treating *pro se*, post-conviction motions as § 2255 motions because of the enactment of the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA") and its twin procedural bars of a one-year statute of limitations and restrictions on the filing of second or successive habeas petitions. Rather, upon receipt of *pro se* pleadings challenging an inmate's conviction or incarceration, a district court should notify the petitioner that he can (1) have his motion ruled upon as filed; (2) if his motion is not styled as a § 2255 motion, have his pleading recharacterized and heard as a § 2255 motion, but lose his ability to file successive petitions absent court of appeals certification; or (3) withdraw the motion and file one all-inclusive motion within the one-year statutory period. *Id.* at 652. *See also Mason v. Mey-*

*ers,* 208 F.3d 414, 418 (3d Cir.2000) (applying *Miller* requirements to § 2254 habeas petition).

Here, the District Court did not treat Anderson's motion for an extension of time as a § 2254 petition. Whether the District Court should have given Anderson notice under *Miller* and *Mason* depends upon whether his motion challenges his conviction or incarceration. Although Anderson asserted that his grounds for habeas corpus relief are based on the ineffective assistance of counsel, in violation of his rights under the Sixth Amendment and the Due Process Clause, and that he is in the custody of the State in violation of the Constitution, his motion only seeks more time to file a habeas petition. He does not seek to have his conviction overturned nor does he allege any facts supporting his claims.

The only court of appeals to address this issue in a published opinion has concluded that a motion for an extension of time must contain allegations sufficient to support a claim for habeas relief in order to be construed as a habeas petition. In *Green v. United States,* 260 F.3d 78, 82 (2d Cir.2001), the court of appeals held that a district court can grant an extension of time to file a § 2255 motion only if the moving party requests the extension upon or after filing an actual § 2255 motion, and where equitable tolling of the statute of limitations applies. It explained that a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until the petition is actually filed because there is no case or controversy before the court. *Id.*

The court of appeals further held, based upon the rule that *pro se* pleadings are construed liberally, that when a motion for an extension of time contains allegations supporting a claim for relief under § 2255, the district court should construe it as such and then decide whether the motion is timely. *Id.* at 83. If it does not contain sufficient allegations to support a claim, the district court does not have jurisdiction to consider the motion. *Id.* Because the prisoner in *Green* had not articulated any basis in fact or law for relief under § 2255, the court held that the district court, which denied the motion for an extension of time, did not err by failing to treat it as a substantive § 2255 motion. *Id.* at 84. It vacated the district court's order denying the motion because the district court lacked jurisdiction to rule on it. *Id.* at 81.

■ We conclude that the District Court had jurisdiction to rule on Anderson's motion for an extension of time. Anderson alleged that he is in custody in violation of the law, that his grounds for relief are based on the ineffective assistance of counsel and that he needed more time to file a habeas petition. Even if these allegations fall short of stating a claim for habeas relief, they are sufficient to present a case or controversy and invoke the court's jurisdiction.

■ We further conclude that the District Court did not err by failing to recharacterize Anderson's motion as a § 2254 motion and provide him notice under *Miller* and *Mason* where Anderson did not sufficiently state a claim for relief. If the District Court had recharacterized the motion, it was subject to summary dismissal. *See United States v. Thomas,* 221 F.3d 430, 438 (3d Cir.2000) (stating that vague and conclusory grounds for habeas relief are subject to summary dismissal); Rule 2 of the Rules Governing Section 2254 Cases (providing that habeas petitions shall set forth all grounds for relief and facts supporting those grounds). As discussed further below, Anderson was not able to amend his filing after the statute of limitations expired.

In his brief, Anderson argues that his motion should be construed liberally based upon his *pro se* status, and that the Dis-

trict Court had to know that the claims in his habeas petition were the same as those he presented in state court because he was required to satisfy exhaustion requirements. In his reply brief, Anderson further argues that his motion satisfied notice pleading requirements and that he paid the filing fee for a habeas petition. These arguments lack merit. The District Court cannot assume that a petitioner will bring the same claims in federal court that he presented to the state courts. Moreover, it is not the District Court's duty to investigate the claims that a petitioner raised in state court. Finally, the fact that Anderson was receiving the assistance of counsel in February 2001 weakens his argument that he should be afforded a liberal construction of his filing based upon his *pro se* status.

C. *Equitable Tolling*

The second issue before the court is if the motion for an extension of time is recharacterized as a § 2254 petition, whether, and to what extent, AEDPA's one-year limitations period can be equitably tolled to allow Anderson to amend the petition to add supporting facts and/or new claims. The one year filing deadline in § 2244(d)(1) is subject to equitable tolling. *Johnson v. Hendricks*, 314 F.3d 159, 162 (3d Cir.2002). However, equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. *Id.* (citations omitted). Equitable tolling is permitted if (1) the defendant has actively misled the plaintiff; (2) the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum. *Id.* (citations omitted).

▮ Anderson argued in his motion for reconsideration that equitable tolling applies because his attorney refused to give him his case file. As recognized by the District Court, Anderson submitted a letter in support of his motion for reconsideration showing that he did not attempt to obtain the file until February 2001. He fails to show that he exercised reasonable diligence in bringing his claims. In addition, Anderson apparently pursued his PCRA claims from 1998 to 2000 without this file. Anderson also was receiving the help of his current counsel in February 2001 and yet he did not file a timely petition. In any event, Anderson does not argue in his brief to this court that equitable tolling applies based on the lack of his file. The District Court did not err in concluding that equitable tolling does not apply.

D. *Amendment Under Duffus and Thomas*

The final issue before the court is whether allowing Anderson to amend the petition to add supporting facts (after the limitations period has expired) would violate the court's holding in *United States v. Duffus*, 174 F.3d 333, 337–38 (3d Cir.1999), in that amplified claims would have to be viewed as new claims. *See United States v. Thomas*, 221 F.3d 430, 437 (3d Cir.2000).

In *Duffus*, a federal prisoner, Clinton Duffus, filed a timely § 2255 motion alleging that his counsel was ineffective on two grounds. Six months later, after the expiration of the statute of limitations, Duffus moved to amend his § 2255 motion and add a claim that counsel was ineffective on a third ground. This court held that the district court did not abuse its discretion in denying the motion because if it had granted it, it would have frustrated Congress' intent that claims under § 2255 be advanced within one year after a judgment of conviction becomes final. 174 F.3d at 337. The court further stated in dictum that the district court could have permitted an amendment to clarify a claim initially

made. *Id.* However, Duffus' particular claim of counsel's ineffectiveness contained in the motion to amend was completely new and could not be deemed timely under the relation back provisions of Federal Rule of Civil Procedure 15(c). *Id.*

The court considered whether its dictum in *Duffus* should be the law of the Circuit in *Thomas,* 221 F.3d 430. Leroy Thomas filed a timely § 2255 motion consisting of a form provided by the district court Clerk. Thomas completed the form, listed 24 grounds for relief and stated that the facts supporting his claims would be presented in a separate memorandum of law. Six days before the statute of limitations expired, Thomas moved to hold his § 2255 motion in abeyance until he submitted his memorandum, which he stated he needed more time to complete. The district court denied the motion because the memorandum would be an amendment beyond AEDPA's period of limitations and dismissed the § 2255 motion because it failed to set forth a cause of action.

This court held that a district court may, in its discretion, permit an amendment to a petition to provide factual clarification or amplification after the expiration of the statute of limitations, as long as the petition itself was timely filed and the petitioner does not seek to add an entirely new claim or new theory of relief. *Id.* at 436. Whether Thomas' proposed amendment should relate back to the date of his motion was a question for the district court on remand. *Id.* at 437.

The court further considered whether Thomas' § 2255 motion pled sufficient facts to avoid summary dismissal. If all of Thomas' claims were vague or conclusory, it could be argued that any later filing would, in effect, constitute an attempt to add a new claim or theory, an addition which *Duffus* would prohibit. *Id.* Because some of Thomas' grounds were too vague but others alleged sufficient supporting facts, the court concluded that the district court should have pared down the list of grounds for relief rather than dismiss the motion in its entirety. *Id.* at 437–38.

█ Anderson only claims in his motion for an extension of time that his counsel was ineffective. In *Thomas,* the court found that claims involving counsel's failure to interview and to call certain witnesses, with no potential witnesses identified, were too vague to warrant further investigation. 221 F.3d at 437–38. Anderson's claim is more vague and conclusory than those in *Thomas.* Under *Thomas,* any later filing by Anderson would, in effect, constitute an attempt to add a new claim or theory. Thus, if his motion for an extension of time is construed as a habeas petition, Anderson is precluded from amending it after the expiration of the statute of limitations.

## III.

The District Court did not err in not giving Anderson the option of recharacterizing his motion as a habeas petition where he would not have been able to amend it after the expiration of the statute of limitations. Equitable tolling principles do not apply and under *Thomas,* any subsequent filing would be an attempt to add a new claim or theory because the habeas petition only makes the vague and conclusory allegation that counsel was ineffective. We will affirm the order of the District Court denying the motion for an extension of time to file a habeas petition.