

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-6-2007

# USA v. Underwood

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4104

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Underwood" (2007). *2007 Decisions.* Paper 475.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/475

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4104

UNITED STATES OF AMERICA

v.

DWAYNE UNDERWOOD, a/k/a DONNY UNDERWOOD,

Appellant.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 99-cr-00717)
District Judge: Hon. Paul S. Diamond

Submitted under Third Circuit LAR 34.1(a)
on July 13, 2007

Before: SLOVITER, ALDISERT and ROTH, <u>Circuit Judges</u>

(Opinion filed: September 6, 2007)

O P I N I O N

**ROTH,** Circuit Judge:

In this habeas action under 28 U.S.C. § 2255, Dwayne Underwood alleges ineffective assistance of counsel based on his counsel's failure to object to at trial, and raise on appeal, alleged violations of FED. R. EVID. 704(b), prohibiting expert testimony on the ultimate issue of a criminal defendant's intent. The criminal defense attorney who Underwood retained to represent him at trial, Edward C. Meehan, Jr., was not familiar with Rule 704(b), as it has no corollary in the Pennsylvania Rules of Evidence – the rules with which Meehan was most familiar. Nevertheless, we will affirm the District Court's denial of Underwood's habeas petition. Underwood, ably represented on this appeal by counsel we have appointed, has not shown a violation of the Sixth Amendment, as he has failed to show both harm and prejudice under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Although we are troubled by the actions of the government and its expert witness, Detective Matthew McDonald, and the inaction of Meehan, we are satisfied that Underwood received a fair trial.

## I. BACKGROUND

Underwood was indicted on four counts: possession of cocaine base and marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Counts I and II); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count III); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count IV). The jury convicted Underwood on all counts, and the District Court sentenced him to 270 months imprisonment.

Underwood timely filed a direct appeal. Meehan, on behalf of Underwood, filed an

2

appellate brief that set forth various evidentiary and constitutional arguments, but none concerning Rule 704(b). Underwood filed a supplemental pro se brief containing various arguments not included in his counseled brief. In an unreported per curiam opinion, we affirmed Underwood's conviction and sentence. *United States v. Underwood*, 281 F.3d 226 (3d Cir. 2001) (table of decisions). In a footnote at the end of that opinion, we briefly addressed Underwood's pro se arguments – including the argument that Det. McDonald[1] made "uninvited comments . . . during cross-examination that Underwood was guilty of possessing narcotics with intent to distribute" – and "f[ou]nd them to be without merit." Supp. App. 130.

Underwood timely filed a pro se habeas petition pursuant to § 2255. He raised six claims, including the claim we are interested in on this appeal, i.e., for ineffective assistance of counsel based on the failure to challenge Det. McDonald's expert testimony on appeal. One year later, appointed counsel filed an amended § 2255 petition that, among other things, sought to clarify that claim as being for ineffectiveness at *both* trial and appellate levels. The District Court concluded that Underwood's claim for ineffectiveness at the *trial* level was time-barred. The District Court also concluded that, in any event, trial counsel had a strategic reason for not objecting to Det. McDonald's testimony regarding intent to distribute. With regard to Underwood's timely claim of ineffective assistance of *appellate* counsel, the District Court concluded that is was reasonable not to have raised the Rule 704(b) issue on

---

[1] In that footnote, we confused the individuals involved and mistakenly referred to Det. McDonald as "Detective Meehan."

appeal, as plain error could not have been shown.

Underwood timely appealed. We granted a certificate of appealability with regard to two issues: "(1) whether the District Court erred in denying Appellant's claim that appellate counsel was ineffective for failing to raise on appeal whether the government's expert witness violated Federal Rule of Evidence 704(b); and (2) whether the amended claim alleging the ineffectiveness of both trial and appellate counsel is time-barred under 28 U.S.C. § 2255."

## II. DISCUSSION

The District Court had jurisdiction over the criminal prosecution pursuant to 18 U.S.C. § 3231, and had jurisdiction over the collateral proceedings pursuant to 28 U.S.C. § 2255. We have appellate jurisdiction under 28 U.S.C. § 2253. In reviewing a district court's disposition of a § 2255 petition, we exercise plenary review over the district court's legal conclusions and apply the clearly erroneous standard to the court's factual findings. *United States v. Cepero*, 224 F.3d 256, 258 (3d Cir. 2000) (en banc).

### A. Ineffective Assistance of Trial Counsel

With regard to Meehan's failure to challenge Det. McDonald's expert testimony, the original pro se § 2255 petition did not include a claim for ineffectiveness at *trial*; that claim alleged only ineffectiveness on *appeal*. However, when Underwood's appointed counsel filed an amended § 2255 petition one year later, that claim was modified to apply to Meehan's silence at *both* trial and on appeal. Because the amended petition was filed well after the expiration of AEDPA's statute of limitations, the District Court, citing our decisions

4

in *United States v. Duffus*, 174 F.3d 333 (3d Cir. 1999) and *United States v. Thomas*, 221 F.3d 430 (3d Cir. 2000), concluded that Underwood's claim for ineffective assistance of *trial* counsel was time-barred. Whether this conclusion was correct is a difficult question.[2] We withhold judgment on this difficult issue because we can easily decide this part of the appeal by assuming timeliness and reaching the merits.

In order to succeed on his claim for ineffective assistance of trial counsel, Underwood must show that Meehan's failure to object to Det. McDonald's expert testimony on Rule 704(b) grounds was "so serious" that Meehan "was not functioning as the 'counsel' guaranteed" to Underwood by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This standard is "highly deferential," *id.* at 689, as "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable," *id.* at 690. In addition to showing that Meehan's performance at trial was "deficient," *id.* at 687, Underwood must also show prejudice, i.e., that Meehan's "errors were so serious as to deprive" Underwood "of a fair trial, a trial whose result is reliable." *Id.*

---

[2] On the one hand, Underwood's untimely claim for ineffectiveness at the trial level could be said to have arisen out of the same "conduct, transaction, or occurrence," FED. R. CIV. P. 15(c)(2), and "common core of operative facts," *Mayle v. Felix*, 545 U.S. 644, 664 (2005), as his timely claim for ineffectiveness at the appellate level, which would thus render his untimely claim permitted under the relation back principles of Rule 15(c). *See Thomas*, 221 F.3d at 436, 438 (permitting untimely amendment that "clarifies or amplifies" – by "add[ing] meat to the bare bones of" – a timely § 2255 "claim or theory"); *see also Duffus*, 174 F.3d at 337. On the other hand, Underwood's untimely and timely claims are somewhat distinct, and thus Underwood might be said to have sought to "add an entirely new claim or new theory of relief," *Thomas*, 221 F.3d at 436, after the time period allotted by AEDPA, which would thus render his untimely claim prohibited under our interpretation of Rule 15(c) in *Thomas*.

With regard to the deficiency of Meehan's trial performance, the Magistrate Judge found, in a report and recommendation adopted by the District Court, that "[Meehan] clearly had a strategic reason for not objecting to [Det. McDonald's] testimony" that the seized drugs were intended for distribution, as that testimony "fit into the defense strategy" that Underwood's cousin, Phillip, a suspected drug dealer, was the real possessor of the contraband. App. 22-23. In light of these factual findings, which are firmly supported by the record, *see, e.g.* App. 75, m.p. 32 (Meehan's closing argument), the District Court concluded that Meehan's performance at trial was not constitutionally deficient. Reviewing this legal conclusion de novo, we agree that Meehan's trial performance did not violate the Sixth Amendment.

Although Meehan admitted at the habeas evidentiary hearing that he was ignorant of Rule 704(b), Supp. App. 201, Meehan's defense theory (i.e., denying possession altogether, as opposed to just the intent to distribute, and blaming the crimes on Phillip) was nevertheless reasonable and clearly based on an otherwise thorough consideration of the strengths and weaknesses of Underwood's case. Phillip had recently lived in the house and spent time in the basement where the contraband at issue was seized; he was a convicted felon wanted by the New Jersey police and was suspected of drug dealing; and there was no evidence of drug ingestion paraphernalia in the house. In addition, Meehan's strategy, if successful, would have resulted in acquittal on all charges, as opposed to only those charges related to drug trafficking.

Even if Meehan had known about Rule 704(b), as he should have, it would have still

made sense to refrain from challenging Det. McDonald's conclusion regarding intent to distribute. Had Meehan intimated that the seized drugs were for personal use, the jury might have concluded that the drugs belonged to Underwood, rather than his drug dealer cousin. As Meehan explained at the evidentiary hearing, this might have led to the conclusion that Underwood possessed the gun as well, in light of its close proximity to the drugs in the basement. Supp. App. 199-200. Although Meehan could have set forth alternate arguments that might not have been mutually exclusive of one another (i.e., denying possession altogether, and, in the alternative, denying just the intent to distribute), Meehan's decision not to do so certainly "falls within the wide range of reasonable professional assistance" comprising constitutionally sufficient assistance of counsel. *Strickland*, 466 U.S. at 689.

## B. Ineffective Assistance of Appellate Counsel

Underwood's claim for ineffectiveness at the appellate level, however, is a closer question. Because Meehan failed to preserve the Rule 704(b) issue at trial, the relevant standard of review of the underlying claim is plain error. We must decide whether it was reasonable for Meehan not to argue on appeal that the District Court committed plain error by permitting Det. McDonald to testify as he did.

Plain error requires a showing that (1) there was error, i.e., a deviation from a legal rule, (2) the error is clear under the law at the time of appellate review, and (3) the error affected substantial rights, i.e., affected the outcome of the proceedings. *See Johnson v. United States*, 520 U.S. 461, 467-468 (1997); *United States v. Olano*, 507 U.S. 725, 732-735 (1993). If all three elements are established, relief may be granted, *Johnson*, 520 U.S. at 467,

7

but only if the defendant is "actually innocent" or the error "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Olano*, 507 U.S. at 736 (citation omitted).

It is fairly clear that Det. McDonald's testimony crossed the "fine line that expert witnesses may not cross" under Rule 704(b). *United States v. Watson*, 260 F.3d 301, 308-09 (3d Cir. 2001) (quotation omitted).[3] However, we need not affirmatively decide this issue – which is somewhat complicated by our decision in *United States v. Davis*, 397 F.3d 173, 177-79 (3d Cir. 2005), which limits the reach of *Watson* – because any potential Rule 704(b) error would not have affected Underwood's substantial rights. The record reveals that exclusion of Det. McDonald's testimony would not have changed the outcome of

---

[3] Under Rule 704(b), an expert witness may not "state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged . . .." However, that is essentially what Det. McDonald did on both direct and cross examination. On direct, the prosecutor asked: "What is your opinion at to whether those narcotics were intended for distribution?" Det. McDonald answered: "I strongly believe that the purpose of having that in your possession [is] to redistribute them." Supp. App. 35, m.p. 136. On cross, Meehan asked: "Your testimony – correct me if I am wrong – is limited to the fact that whoever possessed these [narcotics], possessed them with the intent to deliver them, right?" Meehan answered: "My testimony is that *your client* possessed them *with the intent to deliver* them, yes . . .. I believe *your client* possessed these items for resale." Supp. App. 41, m.p. 161 (emphasis added). Based on a plain reading of Rule 704(b), it is fairly clear that Det. McDonald's testimony was improper. *Watson* supports this supposition. In that case, we held expert testimony similar to Det. McDonald's testimony to violate Rule 704(b). In doing so, we explained the scope of the Rule: "Rule 704(b) may be violated when the prosecutor's question is plainly designed to elicit the expert's testimony about the mental state of the defendant, or when the expert triggers the application of Rule 704(b) by directly referring to the defendant's intent, mental state, or mens rea." *Watson*, 260 F.3d at 309 (citations omitted). We further explained that "Rule 704 prohibits testimony from which it necessarily follows, if the testimony is credited, that the defendant did or did not possess the requisite mens rea." *Id.* (quotation omitted).

8

Underwood's trial. Indeed, as explained in the previous section, Meehan's defense theory was unrelated to the question of intent. Additionally, on direct appeal, we already considered and rejected Underwood's pro se argument that Det. McDonald's cross-examination testimony – the most objectionable of Det. McDonald's statements concerning intent – warranted reversal. Supp. App. 130. Finally, although the evidence of intent to distribute is by no means overwhelming in this case, we are satisfied that there was sufficient evidence to support the jury's verdict on all counts, even if Det. McDonald's testimony on intent had been excluded. Therefore, Meehan was not ineffective for focusing on other, more colorable arguments on direct appeal, rather than arguing plain error under Rule 704(b). Because Meehan could not have shown plain error, the outcome of the appeal would not have changed even if Meehan had known about, and raised, Rule 704(b).

## III. CONCLUSION

For the foregoing reasons, we will **AFFIRM** the District Court's order denying Underwood's habeas petition.